Klingensmith and Others *v.* Reed.

*N. Purdum, M. Bell,* and *D. Moss,* for appellant.
*N. R. Linsday* and *N. P. Richmond,* for appellee.

———o———

KLINGENSMITH and Others *v.* REED.

RECORD.—*Interrogatories.*—*Rejected Pleadings.*—Interrogatories filed by a party to an action, and the answers thereto by the opposite party, and paragraphs of answer to the complaint which are rejected by the court on motion, are not parts of the record if not made so by bill of exceptions.

INTEREST.—*Contract.*—*Remedy.*—Where a person contracts for the payment of a higher rate of interest than can at the time be lawfully contracted for, but the law in force at the time the remedy is sought against him allows parties to contract for the payment of such higher rate, the latter law controls.

APPEAL from the Marion Common Pleas.

GREGORY, J.—The only question presented by the record arises on the action of the court below in sustaining the demurrer to the third paragraph of the answer.

The interrogatories filed by the plaintiff, the answers thereto by the appellants, and the paragraphs of the answer to the complaint which were rejected by the court below on the motion of the appellee, are no part of the record, not having been made so by bill of exceptions.

The note sued on bears date the 27th day of September, 1866, and is for $770, payable one year after date.

The paragraph of the answer to which the demurrer was sustained avers, "that as to twenty-eight dollars, the plaintiff charged a greater rate of interest than six per cent., therefore unlawful and usurious; and that the same was included in the note."

The law in force at the time the remedy was sought allowed parties to contract for the payment of any rate of interest not exceeding ten per cent. per annum, and declared the taking of interest in excess of ten per cent. per annum usurious.

The paragraph in question is bad, for not showing any violation of this law.

The judgment is affirmed, with ten per cent. damages and costs.

*J. S. Harvey, W. V. Burns,* and *I. Klingensmith,* for appellants.

*R. B. & J. S. Duncan,* for appellee.