## Pattison and Another *v.* Jenkins.

INTEREST.—*Remedy.*—*Act of* 1867.—A note containing a stipulation for interest at ten per cent. per annum was executed when the law prohibited a recovery of interest exceeding six per cent. per annum; and suit was brought thereon under the act of 1867, authorizing such contracts.

*Held,* that the contract as to interest was governed by the law of 1867.

SALE.—A. exhibited to B. a schedule, as a representation of the quantity of certain personal property, which the former proposed to sell to the latter, who before purchasing, visited the place where the property was situated, for the purpose of examining the property and satisfying himself concerning it, and having examined it as to quantity, or having had a full opportunity to do so, relying on his own judgment, proposed other terms than those proposed by A., by offering a sum in gross for an entire amount of property, including that named in said schedule and other articles situated at the same place, and A. accepted the offer, and the sale was made on the terms so proposed by B.

*Held,* in a suit on a note given in part payment, that the maker could not set up as a failure of consideration, that the property named in said schedule was of less quantity than therein represented; and that the buyer could not claim that the seller had deceived him as to the quantity of the property named in the schedule.

SAME.—Where a full opportunity is afforded to a purchaser for examining property, which he is about to purchase, and which by the exercise of ordinary diligence and prudence he could examine as to its quantity, the question of the quantity being made to depend merely on the judgment,

and he fails to exercise such diligence and prudence, he cannot after the sale complain that he has been deceived as to the quantity, or claim a deduction from the price on account of the quantity.

APPEAL from the Marion Common Pleas.

The appellee sued the appellants on a promissory note executed by them to one Igoe, March 1st, 1867, for six hundred and thirty-five dollars, payable on the 1st of October, 1867, with interest at ten per cent. per annum, and assigned to the appellee.

The appellants answered in three paragraphs, first, admitting the execution and assignment of the note, but alleging, that it was given to the payee in part consideration for the purchase by the appellants of said Igoe of one-half interest in certain personal property described, and for no other consideration; that at the time of said purchase Igoe exhibited to the appellants a written schedule of said property, and asserted and guaranteed to the appellants that said articles were on a plantation near Montgomery, Alabama, and that in consideration of the payment of a certain sum and the execution of said note, he would transfer to the appellants the property as represented in said schedule; that the appellants, relying on the statements of Igoe as to the amount and quantity of said property, paid said sum and gave the note sued on; that afterwards, when the appellants got possession of said property and ascertained the amount thereof, it was found that said property was short of the amount purchased by four hundred bushels of corn, thirteen sets of harness, ten plows, and thirty-five hoes; and that the damage to the appellants by reason of said property so being short was nine hundred dollars. Wherefore, the defendant alleged that the consideration of the note had failed. The second paragraph admits the execution and assignment of the note and alleges that it was given without any consideration whatever.

The third also admits the execution and assignment, but alleges that the note was obtained by the payee by and through his fraud and deceit, in that he represented that he

was the owner of one-half of certain property described, situated near Montgomery, Alabama, and exhibited to appellants a written schedule of said property and assured the appellants that every article and the quantity thereof as set forth in such schedule was there and should be delivered to appellants; that appellants had no means of knowing the truth of said statements but the verbal and written statements of the payee as aforesaid, and relied wholly upon said statements and purchased said property for the sum of $——, and paid the payee all cash, except the sum for which he gave the note; that said statements were untrue, in this, that there was not the quantity of corn represented by four hundred bushels, worth six hundred dollars, &c. Wherefore, the defendants alleged that they were damaged in the sum of nine hundred dollars, &c.

Reply in denial of each paragraph of the answer.

Trial by jury. Verdict for the plaintiff for the face of the note and ten per cent. interest from the date thereof.

The appellant filed a motion for a new trial for the following reasons:

"1. The verdict of the jury is not sustained by the evidence and is contrary thereto.

"2. The amount of damages assessed by the jury is too large.

"3. The court misdirected the jury as to the law applicable to the case in the instruction numbered four given by the court of its own motion, and in the instructions given by the court at the instance of the plaintiff, numbered one, two, three, and four, and excepted to at the time."

The court overruled the motion, and rendered judgment for the full amount of the verdict, the appellants excepting.

The fourth instruction given by the court of its own motion was as follows:

"If the schedule of property was exhibited to the defendants by Igoe as a mere representation of the amount and quantity of the property proposed to be sold, and one of the defendants went to the premises for the purpose of

examining the property and satisfying himself as to the same, and after having examined the same, or having an opportunity of doing so, he then, relying on his judgment, proposed other terms than those proposed, by offering a sum in gross for the entire property on the plantation, including the articles named in the schedule together with other property, and Igoe accepted the offer, and the note was made for a part of the purchase-money; in that case, the defendants are not entitled to damages."

The first, second, third, and fourth instructions given at the request of the appellee, were as follows:

"1. If you believe from the evidence that the sale of the property, for which the note sued on was given, was consummated at a place ten miles distant from where the property was situated; that prior to such sale the defendant T. T. N. Pattison twice visited the property, for the purpose of examining it; that a full opportunity of examining it was afforded him; that the sale was concluded the day after Pattison had visited it for the purpose of examining it; that by the exercise of ordinary diligence and prudence he might have examined it and formed his own judgment concerning it; and the sale was in gross and for a gross and general sum; you should find for the plaintiff.

"2. Where a full and ample opportunity is afforded a purchaser for examining property which he is about to purchase and which he could by the exercise of ordinary diligence and prudence examine, and he fails to use such diligence and prudence, he cannot afterwards complain that he was deceived.

"3. If a full and ample opportunity was possessed by T. T. N. Pattison to examine the property which he proposed to purchase, and he made an examination and, upon his own judgment, made an offer of $2,250 for the property, which was accepted by Igoe, and the note sued on was executed pursuent to said contract, you should find for the plaintiff.

"4. If, after an examination as to the quantity of the property by the defendant T. T. N. Pattison, upon his own

Pattison and Another *v.* Jenkins.

judgment he made an offer of a gross sum for the property in bulk, which was accepted by Igoe, and the note sued on was given in part payment, your verdict should be for the plaintiff."

ELLIOTT, J.—The questions made in the case for the consideration of this court are all based on the refusal of the court to grant a new trial.

One of the reasons urged for a new trial is, that the verdict is excessive. The note sued on was for the sum of six hundred and thirty-five dollars, with interest at the rate of ten per cent. The verdict of the jury included interest at the rate specified in the note, and it is claimed by the appellants that as the note was given before the act of 1867, authorizing contracts in writing for interest at the rate of ten per cent. per annum, was enacted, the plaintiff was only entitled to recover interest at the rate of six per cent. This position rests upon the assumption that the act of 1867 is not retrospective in its operation, and that the case is governed by the interest law in force at the date of the note, which prohibited a recovery of interest at a rate exceeding six per cent.

We have heretofore held that the act in question applied to contracts made before its passage. *Sparks* v. *Clapper*, 30 Ind. 204; *Klingensmith* v. *Reed*, 31 Ind. 389.

It follows that the jury did right in computing the interest at the rate of ten per cent., and hence the verdict was not excessive.

Another question made in the case is, that the verdict is not sustained by the evidence.

It is insisted on behalf of the appellants, that the evidence sustains the matters of defense set up in the first and third paragraphs of the answer, which entitles them to deduction from the amount of the note of four hundred dollars, that being one-half of the value of the articles claimed to have been included in the contract of sale upon which the note was given, but which were not on the farm in Al-

abama, and never came to the appellants' possession. The evidence in the case is quite lengthy, and only a small portion of it has been abstracted by the appellants, as required by the rules of this court.

On the other hand, it is claimed that T. T. N. Pattison, one the appellants, after the memorandum or inventory of the property claimed to be on the farm by Igoe was furnished him, visited the farm, once at least, before the contract was concluded, for the purpose of seeing and examining said property; that he did examine it, and especially the corn, which was in a bulk in the husk, and he became satisfied that there was from three to four hundred bushels less of it than was claimed by Igoe, and that he afterwards agreed to give said Igoe $2,250 for his entire interest in the property on the farm, including, in addition to that named in said inventory, one thousand bushels or more of cotton seed, worth fifteen cents a bushel, ten hogs, and a lot of poultry.

We have given the evidence a careful examination—in the absense of a proper abstract—because it was deemed proper to do so in connection with the questions raised on instructions given by the court to the jury; and, without giving a synopsis of the evidence here, we deem it sufficient to say in reference to it, that, whilst it is somewhat conflicting upon the material point in controversy, we think it clearly sustains the verdict of the jury.

The fourth instruction voluntarily given by the court, to which exception is taken, contains a fair and proper statement of the law arising upon the facts upon which it is hypothecated, and is pertinent to the evidence in the case. These remarks are alike applicable to the third and fourth instructions given by the court at the request of the appellee, to which objections are urged. They assert the very clear proposition, that if, after the schedule of the property referred to in the answer was furnished by Igoe to T. T. N. Pattison, the latter visited the farm where the property was, and examined it, as to quantity, and after such examina-

tion, and relying on his own judgment, he contracted to pay Igoe $2,250, for his interest in the whole property on the farm, and executed the note for a part of the purchase-money, the plaintiff was entitled to recover the full amount due on the note.

The first and second instructions given by the court at the request of the appellee, to which objections are also urged, are certainly correct, when applied to the quality of the property sold, and also to the quantity when that fact is made to depend merely on the judgment, as was evidently the case here as to the corn, the principal item in controversy. And if they were not so clearly applicable to the other items, still, in view of the other instructions given by the court and the evidence in the case, we think it evident that they could not have misled the jury.

The judgment is affirmed, with costs, and five per cent. damages.

*W. Morrow* and *N. Trusler*, for appellants.
*B. K. Elliott* and *C. L. Holstein*, for appellee.