*A. B. Jelmore* and *J. Brownlee,* for appellant.

---

## HOFFA v. HOFFMAN.

PLEADING.—*Answer.*—Suit on a note and mortgage executed by the defendant to the plaintiff. Answer, pleaded in bar, that a third person named was the owner of a certain portion of the land described in the mortgage.
*Held,* that, as a plea in bar, the answer was bad.

SAME.—*Counter Claim.— Warranty.*—Answer, also, by way of counter claim, that the note and mortgage sued on were given in consideration of the machinery of a carding machine and woollen factory, and for no other consideration; that the plaintiff warranted the machinery to be sound, in good running condition, and free from rust; whereas it was not in good running condition and free from rust, but out of gear, many of the cogs being broken, and many of the rollers being so badly eaten with rust that they were worthless; whereby the defendant was damaged, &c.
*Held,* that this was a good counter claim.

SAME.—*Fraud.*—When the buyer of an article seeks to recover damages of the seller for false and fraudulent representations made by the latter to the former concerning the article, he must allege that he relied on such representations in making the purchase.

SALE.—*False Representations.*—In the sale of a woollen factory, its manufac-

Hoffa *v.* Hoffman.

turing capacity and the amount of custom which it has had in the past are matters which the seller is bound, in good faith, not to knowingly misrepresent to the buyer, ignorant of the facts and relying on the representations of the seller.

NOVATION.—A. sold to B. a certain woollen factory, for which the latter executed to the former a note and a mortgage on real estate to secure the same. Soon afterwards, B. sold a part of the factory to C., who thereby became indebted to B. in the amount of said note and mortgage. Subsequently, A. B. and C. mutually agreed that A. should take C. for said debt and release B., who, in consideration thereof, should release C., which he then did.

*Held,* in a suit afterwards brought by A. against B. on said note and mortgage. that this was a valid novation.

APPEAL frrom the Clay Common Pleas.

GREGORY, C. J.—Suit by Hoffman against Isaac Hoffa on a note and mortgage.

The defendant answered, first, "that one Aaron Hoffa is the owner of one-tenth of the land described in the mortgage." Second, that the note and mortgage were given in consideration of the machinery of a carding machine and woollen factory, and for no other consideration whatever; that the plaintiff warranted the machinery to be sound, in good running condition, and free from rust; whereas, the same was not in good running condition and free from rust, but out of gear, many of the cogs broken, and many of the rollers so badly eaten with rust as to be worthless; whereby the defendant was damaged two hundred dollars, which he pleads as a counter claim to so much of the plaintiff's cause of action. Third, that the note and mortgage were given in consideration of the machinery of a woolen factory, in Bowling Green, and for no other consideration whatever; that the plaintiff, well knowing the premises, falsely and fraudulently represented said woollen factory to be in good running order and the machinery thereof sound and free from rust; whereas said factory was not in good running order and the machinery thereof sound and free from rust, but that the said factory was out of running order, many of the cogs in said machinery broken, and the cogs and rollers so badly eaten with rust as to be wholly worthless; whereby the defendant was damaged one thous-

and dollars. Fourth, that the note and mortgage were given for a woollen factory in Bowling Green, and for no other consideration; that said factory had long been established at said town, under the control of the plaintiff; and that he, well knowing the premises, falsely and fraudulently represented to the defendant that said factory was capable of manufacturing wool enough in one season to make the owner thereof ten thousand dollars in clear money; that it so performed for the plaintiff in the season of 1867; that there was custom enough to said factory for the year 1867 to make that amount to the owners thereof, and would be that amount for 1868; whereas said factory was not capable of manufacturing wool enough to earn more than five thousand dollars in one season, and did not earn for the owners thereof more than that sum for the year 1867, and there was not more than five thousand dollars custom furnished said factory for 1867, nor more than that for 1868; that the defendant was ignorant of said fact and relied wholly on the statement of the plaintiff; wherefore the defendant has been damaged ten thousand dollars, for which he demands judgment. Fifth, that soon after the note and mortgage were executed, he sold a part of the woollen factory in Bowling Green to one Jason W. Brown, whereby said Brown became indebted to the defendant in the amount of the note and mortgage in suit; that afterwards, the plaintiff, the defendant, and said Brown were together, when it was mutually agreed between them that the plaintiff should take said Brown for said debt and release the defendant, and in consideration thereof, the defendant was to release said Brown, which he then and there did; all of which contract was fully consummated and executed before the commencement of this suit.

A several demurrer was filed to each paragraph of the answer and sustained. This action of the court below presents the questions involved in this case.

The first paragraph is clearly bad; it is no defense to the

action. It was pleaded in bar, and not for the purpose of bringing new parties before the court.

The second paragraph was a good counter claim for two hundred dollars, and being so pleaded, the court erred in sustaining the demurrer thereto.

The third paragraph is bad, for not averring that the defendant relied on the false and fraudulent representations made by the plaintiff, and the court therefore committed no error in sustaining the demurrer to it.

The fourth paragraph is good. The false and fraudulent representations as to the capacity of the woollen factory, as to what it had done, and the amount of custom thereto in the past, were matters about which the plaintiff was held in good faith not to misrepresent; and if he did so misrepresent as alleged, and the defendant relied thereon, then it is a good defense to the amount of the damage the defendant sustained thereby.

The fifth paragraph shows a valid novation. *Heaton* v. *Angier*, 7 N. H. 397, is in point. In that case, the defendant having bought the wagon (the price of which was the subject of the action) of the plaintiff at auction, sold it immediately afterwards, on the same day, to one John Chase. Chase and the defendant then went to the plaintiff, and Chase agreed to pay the price of the wagon to the plaintiff for the defendant, and the plaintiff agreed to take Chase as paymaster. And it was held, that the debt due from the defendant to the plaintiff was extinguished. GREEN, J., having cited the case put by BULLER, J., in *Tatlock* v. *Harris*, 3 T. R. 174, said: "The case thus put by BULLER is the very case now before us. Heaton, Angier, and Chase being together, it was agreed between them that the plaintiff should take Chase as his debtor for the sum due from the defendant. The debt due to the plaintiff from the defendant was thus extinguished. It was an accord executed. And Chase, by assuming the debt due to the plaintiff, must be considered as having paid that amount to the defendant, as part of the price he was to pay the defendant for the wagon."

Cases like this stand upon a different ground from those in which the defendant undertakes to pay the debt of a third person.

The court below therefore also erred in sustaining the demurrer to the fifth paragraph of the answer.

For these several errors the judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer to the second, fourth, and fifth paragraphs of the answer, and for further proceedings.

*A. T. Rose* and *S. D. Coffey,* for appellant.

*W. W. Carter,* for appellee.