## No. 8931.

## SHORDAN *v.* KYLER ET AL.

WARRANTY.—*Breach of.*—*Pleading.*—*Sale.*—*Fraud.*—A pleading based on the breach of an express warranty of goods sold need not show that the purchaser was deceived by the warranty, nor that the purchase would not have been made but for the warranty.

SAME.—*Principal and Agent.*—*Oral and Written Warranty.*—*Merger.*—*Contract.* —*Evidence.*—Where an agent selling goods for his principal orally warrants their quality for *himself,* and as agent procures the making of a contract of purchase in writing, containing a warranty of his principal, the former warranty is not merged in the latter, but is a separate contract, binding the agent personally, and in an action on one of the notes given in payment of the articles sold, payable to the agent, evidence of the oral warranty is admissible.

PRACTICE.—*Insufficiency of Pleading.*—*Judgment non Obstante.*—*Supreme Court.* —Where an answer is deemed insufficient, the plaintiff, after verdict against him, may present the question by motion for judgment *non obstante veredicto,* but can not make the question for the first time in the Supreme Court.

From the Whitley Circuit Court.

*W. Olds,* for appellant.

BLACK, C.—This was an action by the appellant against the appellees, Basil Kyler and George Kyler, on a promissory note governed by the law merchant, made by the appellees to the appellant and one Swann, partners, for one hundred and fifty dollars, and indorsed to the appellant by said firm. There was an answer in one paragraph, to which appellant replied by a general denial. A trial by jury resulted in a general verdict for the appellees. Appellant moved for judgment in his favor, notwithstanding the general verdict for the appellees, stating as ground for his motion that the answer did not allege facts constituting a good defence to the complaint. This motion having been overruled, appellant filed his motion for a new trial, which was overruled, and judgment was rendered on the verdict.

Appellant has assigned as errors the overruling of his motion for judgment, notwithstanding the verdict, the overruling

·of his motion for a new trial, and "that appellees' answer ·does not state facts sufficient to constitute a ground of defence ·to plaintiff's cause of action sued on in plaintiff's complaint."

Counsel for appellant, in his brief, has properly ignored the last specification in the assignment of errors. The question ·of the sufficiency of the facts stated in an answer to constitute ·a defence is waived unless it has been properly presented to . the court below, and the action of that court, under such pre- ·sentation, excepted to below, has been in this court properly embraced in an assignment of error.

The question whether the answer stated a defence was raised by the motion for judgment, notwithstanding the ver- ·dict, and is presented by the first specification in the assign- ment of errors.

The answer admitted the execution ·of the note sued on, as alleged in the complaint, but averred that said note was exe- ·cuted in consideration of a sale to the appellee Basil Kyler ·of an eight-horse-power Boss Clipper Engine, and for no ·other consideration; that the appellee George Kyler was surety on the note; that the appellant and Scott Swann, on the 5th of November, 1877, represented to appellees that they ·were selling engines manufactured by the Taylor Manufac- turing Company of Westminster, Maryland, and would fur- nish appellee Basil Kyler one eight-horse-power Boss engine of said manufacture for the sum of seven hundred and sixty-' five dollars; that it was expressly stipulated and agreed by appellant and said Swann, in the sale of said engine, that it should be not less than an eight-horse engine, an engine of the capacity and power of eight horses, and that it should be manufactured of good material and put up and built in good, workmanlike manner, and should do as much and as good work as any machinery of its class in the United States; that appellee Basil Kyler expressly informed said partners that he was buying and expected to use said engine so purchased for the purpose of running and operating a thresher, and that he intended to use it for such purpose, and was about to pur-

chase it with a view to such use; that said partners represented and warranted, for themselves and on behalf of said Taylor Manufacturing Company, to said Basil Kyler, that said engine would furnish sufficient power for the purpose of operating and running a thresher; that said engine so furnished said Basil Kyler by said Shordan and Swann was not an eight-horse engine, but was only a six-horse-power engine; that said defect greatly lessened the power and value of said engine for threshing purposes, for which it was purchased, and as represented by said partners, to wit, in the sum of six hundred dollars; that said Basil Kyler, relying on the representations and warranty of said partners that said engine would furnish sufficient power to run and operate a thresher, undertook to thresh with said engine, and lost much valuable time and expended a large amount of money in testing said engine, to wit, three hundred dollars, before he could and did ascertain the defects in said engine, and that it would not perform as represented by said partners; that as soon as he discovered the defects in said engine he called on said Shordan and Swan, informing them of such defects and requesting them to remedy the same, but they, disregarding their said contracts and agreements, refused and failed to remedy said engine, to defendant's damage in the sum of three hundred dollars. The answer mentioned particular defects in the engine which made it run too slowly and caused it to get out of repair, and alleged that the material used and the workmanship of the engine were so poor that the engine was wholly worthless, etc.

It is insisted by appellant's counsel, by way of objection to the answer, that a party claiming to have been damaged by breach of a warranty in the sale of goods must have been deceived by the warranty, and that, in a pleading based on a breach of an express warranty as to the quality of goods, it must be alleged, in substance, that the purchaser was induced by the warranty to make the purchase, that he relied upon the warranty, and that he would not have purchased but for it.

Shordan *v.* Kyler *et al.*

The subject of warranty in the sale of goods and that of deceit, or fraudulent representations, are in some respects closely connected and are frequently discussed together, sometimes in terms not sufficiently guarded.

Such a warranty, while it is collateral to the principal purpose of the contract, is a part of the contract. It enters into the contract of sale as an element upon which the minds of the contracting parties unite and as a part of the consideration for the purchase. The action or defence based upon the breach of an express warranty is founded upon an express contract, and not upon deceit; and the question of the intent of the parties is involved as in actions on contracts generally. Defects known to the buyer may sometimes be excluded from a warranty, which are covered by its general terms, because they can not be presumed to have been intended by the parties to be insured against. But whatever, under the circumstances, the parties can be said to have intended by their contract, to that will the seller be held, as to other lawful engagements; and it is not necessary to the buyer's recovery that he should have been deceived. 2 Schouler Pers. Prop. 351. It is not necessary that it should be true that the buyer would not have purchased but for the warranty. If, in addition to the simple transfer of the property, he can, for the same price or for a greater price, obtain the seller's engagement to insure the quality of the goods, such engagement goes with the goods as a part of the consideration, and the buyer is entitled to the benefit of his bargain in this regard, whether he would or would not have bought the goods without this additional consideration.

Nor is it necessary that the warranty should constitute an inducement to the buyer, or that he should rely upon it, otherwise than in contracts, generally, one party is induced by, and relies upon, the engagements of the other contracting party. In a pleading based upon a breach of such a warranty, if the warranty be sufficiently shown to have entered into the con-

tract as an intended element thereof, and as a part of the consideration for the purchase, it is not necessary, any more than in other suits on contracts, to allege reliance of the buyer upon the warranty. Appellant's objection to the answer is not well taken. See *McClure* v. *Jeffrey,* 8 Ind. 79; *Hoffa* v. *Hoffman,* 33 Ind. 172; *Jones* v. *Quick,* 28 Ind. 125; *Rose* v. *Hurley,* 39 Ind. 77; *Booher* v. *Goldsborough,* 44 Ind. 490; *First National Bank* v. *Grindstaff,* 45 Ind. 158; *Bowman* v. *Clemmer,* 50 Ind. 10.

The causes stated in the motion for a new trial were, that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in admitting certain testimony, and in giving certain instructions to the jury.

The evidence showed that Shordan and Swann were partners in the business of selling agricultural implements, engines and threshers, at Fort Wayne, and were agents of said Taylor Manufacturing Company; that Swann visited Basil Kyler at his residence near Columbia City, on the 5th of December, 1877, and, after conversation between them, the latter signed in duplicate an instrument written by the former and addressed to said company, one copy of which was kept by Basil Kyler, the other being taken by Swann. By this instrument Basil Kyler directed said company to ship to him, in care of said Shordan and Swann, one eight-horse Boss Clipper engine, which he agreed to receive subject to the condition of the warranty printed as a part of said order; and he agreed to pay to the order of said company notes for certain sums specified, due at certain dates mentioned, to be made payable to said company; and in said instrument it was stated that said machinery was ordered, purchased and sold subject to a warranty that it was built in a workmanlike manner, of good materials, and, with proper management and careful usage, would do as much and as good work as any machine of its class in the United States, certain conditions being added as to following directions of the manufacturers in the use of the machine, and as to giving notice of defects.

Soon after the execution of this instrument, and without any subsequent communications between the parties on the subject, so far as appears, Basil Kyler received the engine, and then, on the 18th of December, 1877, executed his notes for the price of the engine, said notes having been prepared by said partners, who, by a man who went to start the engine, sent them to Basil Kyler for signing, the note sued on being one of them. Said company was then indebted to said agents, who caused the note sued on to be made payable to said firm and kept it to apply on said indebtedness, and afterward, on settlement with said company, accounted for said note.

At the time of the sale the engine was the property of said company, and was in possession of said firm as agents. At the time of said visit, Basil Kyler was acquainted with said Swann. In the conversation between them on this occasion, before the preparation and signing of said instrument, or order, Kyler told Swann that he wanted an eight-horse engine, to thresh with. Swann said he had just what Kyler wanted; that it was light to move, and would do the business he wanted; that it would thresh. In his testimony Basil Kyler said, " I told him, as I was acquainted with him; I told him I had a Three River machine, thirty-inch cylinder, that he was acquainted with the separator and that he had sold it; and he said it would run it; that the engine was of sufficient capacity and would run the separator, and, if I bought it, he would warrant it to do so."

Appellant introduced the written instrument in evidence, and contended in the trial court and insists here that all prior oral negotiations between the parties were merged in that instrument, and that such oral negotiations could not properly be admitted or considered to establish the contract alleged in the answer.

The instrument contained the terms of the warranty, as between said company and the purchaser. If, in all negotiations before and at the time of the signing of said instrument, Swann was acting and speaking solely as the agent of the company

to which the writing was directed, and there was no contract except that made with the company through him as agent, the oral negotiations between the purchaser and the agent as such were inadmissible to prove the warranty; for the writing must then be regarded as embodying the terms of the warranty.

An agent may bind himself personally, although the consideration move to his principal, and the agent's want of interest in the transaction, except as agent, be known to the other contracting party. Crum v. Boyd, 9 Ind. 289.

If, in consideration of the purchase-price which the appellees agreed to pay for the engine, whether to the company alone, or in part to the company and in part to the agents, the latter separately agreed on their own behalf to warrant the engine, a breach of their warranty would be a good defence in an action brought by them on the note made to them.

The evidence objected to was admitted, and the court, in the instructions objected to, directed the attention of the jury thereto, upon the theory that if the purchaser was induced to make the note in suit, wholly or in part by the separate and distinct warranty of said firm, made upon a sufficient consideration, damage arising from the breach of such separate warranty might be shown and considered in defence.

If there was any evidence tending to prove such a separate warranty, it was not error to admit it, and the instructions were right; and the verdict can not be disturbed on the evidence. There was evidence of an oral warranty in some respects more particular in its terms than that expressed in the writing. The character in which Swann made this oral stipulation was a question of fact.

We think that, under the issues, it was not error to admit the evidence and to permit the jury to consider whether the oral stipulations were made by Swann solely in his character of agent, or on behalf of his firm to bind it separately; and if the jury could be permitted to consider this question their solution thereof must be conclusive.

The theory on which the evidence was admitted and sub-

mitted to the jury was not erroneous, and, while the evidence as it appears in the record may not seem strongly to sustain the result, we think that result should not be disturbed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.