No. 13,697.

## CRAIG v. HAMILTON.

FRAUD.— *Conveyance of Land.— Representations. — Fraudulent Concealment.*—
Where one represents to another that he is entitled to a full third of the estate left by his deceased father, and fraudulently conceals from the other the fact that, by reason of advancements made to him by his father, he has no interest in such estate, and thereby induces the other party, who relies upon the representations, to convey land to him upon receiving a quitclaim deed for such supposed interest, there is such fraud as gives a right of action.

SAME.—*Acting on Own Judgment.—Instruction to Jury.*—But if, in such case, the plaintiff did not rely upon the representations made to him by the defendant, but sought and obtained information from other sources, and

then, acting on his own judgment, concluded to enter into the contract and take his chances as to what he would get by reason thereof, he is not entitled to recover, and it is error to refuse to so instruct the jury.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellant.

*F. M. Trissal,* for appellee.

COFFEY, J.—The second paragraph of the complaint, upon which this cause was tried in the circuit court, avers, substantially, that on the 30th day of July, 1880, the appellee and Nancy M. Coppersmith were the owners and tenants in common of one hundred and twenty acres of land in Hancock county, Indiana, of the value of six thousand dollars; that at said date appellant and one William W. Craig were the sons and heirs at law of Moses Craig, deceased; that Moses Craig died intestate the owner of two hundred and forty acres of land, situate in the counties of Marion and Hamilton, of the value of twelve thousand dollars, but at the date aforesaid there had been no settlement or distribution of his estate; that appellee and the said Coppersmith agreed with the appellant and the said William W. Craig to convey to them their interest in the said land in Hancock county in consideration of four hundred dollars to be paid to each of them, and in consideration that the appellant and the said William W. would convey to and vest the title in the appellee of one-third in value of all the lands of which the said Moses Craig died seized in the counties of Marion and Hamilton; that appellant and the said William W. represented to the appellee that they, as the heirs of the said Moses Craig, were the owners of one full third of all said lands, and that upon a distribution of their said father's estate there would be set apart and assigned to appellee, as their grantee, one-third of said real estate in value, of the value of four thousand dollars; that pursuant to the terms of said agreement, and relying upon said representations and agreement aforesaid, appellee and said Coppersmith conveyed to said appellant and

the said William W. their said land in Hancock county ; that said appellant and the said William W. executed and delivered to appellee a quitclaim deed, purporting to convey to him their interest in the said lands of which the said Moses Craig died seized ; yet the appellee has not been, and can not be placed in the possession or actual ownership of any interest whatever in said lands, for the reason that there had been advanced by the said Moses Craig, in his lifetime, to the said appellant and the said William W., real and personal property of greater value than their supposed interest in the lands of which the said Moses Craig died seized, with which said advancements the said appellant and the said William W. were chargeable in the division of said estate ; and in a partition, since made, it has been duly adjudged and determined that they had no interest whatever in said lands, and that they had no interest whatever in their said father's estate ; that the appellant and the said William W. not only concealed from the appellee the fact that said advancements had been made to them, but falsely and fraudulently represented to him that they were entitled to one full third of the estate of the said Moses Craig, for the purpose of inducing him to enter into said contract, and that he was induced thereby to make the same ; that since making said contract the said William W. Craig has died insolvent, leaving no estate whatever.

A demurrer to this complaint was overruled by the court, and the appellant excepted.

The appellant filed an answer in three paragraphs, to which a reply was filed.

The cause was tried by a jury, resulting in a verdict and judgment for the appellee.

The appellant assigns as error:

1st. That the circuit court erred in overruling the demurrer of the appellant to the complaint.

2d. That the circuit court erred in overruling the appellant's motion for a new trial.

We do not think that the circuit court erred in overruling

the demurrer to the complaint.   It is true that the convey-
ance was by quitclaim deed, and that there was no warranty,
still the complaint charges that the appellant fraudulently
concealed from the appellee the fact that he had been ad-
vanced by his father a sum equal to his share in the estate,
and that he represented that he and William W. Craig were
entitled to one full third of said estate. This, in our opinion,
was such a fraud upon the appellee as gave him a right of
action.

The appellant, at the proper time, asked the court to in-
struct the jury :

4th.  " If the defendant made false and fraudulent repre-
sentations or statements, and the plaintiff did not rely on
them, but sought and obtained information as to the facts
from other sources, and then, on his own judgment, concluded
to enter into the contract mentioned in the complaint, and
take his chances as to what he should get by reason thereof,
then he can not recover in this action on that issue."

If the appellee did not rely upon the representations made
to him by the appellant, but relied upon information obtained
from other sources, and upon his own judgment, he can not
be heard to claim that he was defrauded by the appellant.  To
constitute fraud, it is necessary that the party alleging it
should show that he relied upon the representations alleged
to be false.   *Pattison* v. *Jenkins,* 33 Ind. 87 ; *Hoffa* v. *Hoff-
man,* 33 Ind. 172 ; *Meyer* v. *Yesser,* 32 Ind. 294 ; *Bowman*
v. *Carithers,* 40 Ind. 90 ; *Hagee* v. *Grossman,* 31 Ind. 223.

The court erred, we think, in refusing to give this instruc-
tion.

Several other special instructions were asked by the appel-
lant, but we do not think the court erred in refusing to give
them.

For the error committed in refusing to give the instruction
above set out, the judgment of the court below must be re-
versed.

Judgment reversed, at the costs of the appellee, with in-

structions to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed May 7, 1889.