## FERRELL *v.* HUNT.

[No. 23,580. Filed November 7, 1919. Rehearing denied January 14, 1920.]

1. JURY.—*Right to.—Fraud.—Equitable Suit for Rescission.—* Where the facts pleaded show that a contract has not been rescinded for fraud by the act of the parties, the purpose of the suit being to obtain a rescission of the contract and the restoration of the *status quo ante* by decree of the court, the suit is of equitable cognizance, and therefore triable by the court under §418 Burns 1914, §409 R. S. 1881. p. 48.

2. JURY.—*Right to.—Fraud.—Action at Law After Rescission.—* An action to recover back money paid on a fraudulent contract may be maintained as an action at law and tried by a jury, under §418 Burns 1914, §409 R. S. 1881, where it proceeds on the theory that such contract has already been rescinded for the fraud by act of the parties and the relief sought is of such a nature as can be awarded in an action at law. p. 49.

3. SALES.—*Remedies of Buyer.—Fraudulent Contract.—Avoidance of.—* A contract vitiated by fraud is voidable *ab initio* at the election of the innocent party, who, after taking proper steps to avoid such contract, may treat it as a nullity and bring an action at law if the legal remedy is adequate, in which action he is

required to establish the fraud and to show that he promptly took proper steps in avoidance. p. 49.

4. FRAUD.—*Representations of Fact.—Opinions.*—Statements by the seller of trust company stock that the company was a good substantial trust company, that it was all right in every way, and that the stock was selling at $120 a share, were representations of fact and not mere expressions of opinion. p. 50.

5. FRAUD.—*Reliance on Representations.—Burden of Proof.*—In an action by the purchaser of trust company stock to recover back the price paid, on the ground that the sale had been rescinded as fraudulent, the burden rested on the plaintiff to prove that he relied on the statements of the defendant seller and was induced thereby to contract. p. 53.

6. FRAUD.—*Representations.—Reliance on.*—If the buyer of trust company stock did not act on the representations made by the seller, but acted on his own judgment based on information gained in an independent investigation, he has no right to recover the price of the stock on the theory that the sale contract was fraudulent and voidable. p. 53.

7. FRAUD.—*Evidence.—Reliance on Representations.—Question of Fact.—Verdict.*—In an action to recover back the purchase price of trust company stock on the theory that the sale was voidable as induced by the defendant's misrepresentations, whether the plaintiff's decision to purchase the stock was based on the statements made to him by the defendant, and not on the results of an independent investigation, was a question of fact; and the jury's verdict in favor of the plaintiff is decisive on appeal, there being evidence in the record to sustain it. p. 53.

8. WITNESSES. — *Cross-Examination. — Limitation of.*—Where the plaintiff had testified that he believed the defendant's statements in reference to the condition of a trust company, and that he relied thereon and was induced thereby to purchase stock in such company, the defendant had the right on cross-examination to elicit any facts tending to dispute or weaken the plaintiff's testimony on the subject, but he had no right to call for an entire conversation between the plaintiff and another to whom the plaintiff and the defendant had tried to sell the stock, no part of which had been related by the plaintiff in the examination in chief. p. 54.

9. FRAUD.—*False Statements.—Knowledge.*—In an action to recover back the purchase price of bank stock on the ground that the plaintiff was induced to purchase it by fraudulent representations of the defendant, it was not necessary to prove that the defendant knew the representations to be false; proof that the

defendant stated as true matters which were in fact false, when he had no definite knowledge as to their truth or falsity, and when he did not entertain a *bona fide* belief in the truth thereof, was sufficient. p. 55.

From Marion Circuit Court (24,860); *Louis B. Ewbank,* Judge.

Action by Adelbert H. Hunt against Samuel C. Ferrell. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*James W. Noel,* for appellant.
*Samuel D. Miller, Frank C. Dailey* and *William H. Thompson,* for appellee.

LAIRY, C. J.—Appellee brought this action to recover back the purchase price of a certain certificate of bank stock sold him by appellant at and for the agreed price of $1,000, that being the par value of the stock. The action was based on the theory that the contract of sale was voidable by reason of a fraud practiced on appellee by appellant in the negotiations leading up to the contract; and that, on the discovery of the fraud, appellee elected to avoid the contract by tendering back the bank stock and demanding the repayment of his money, which was refused. A trial by jury resulted in a verdict in favor of appellee for the amount of the purchase price of the stock and interest thereon, upon which verdict the court rendered judgment.

Appellant objected to the submission of the issues joined on the complaint to a jury for a trial and insisted on a trial by the court. The court declined to try the issues and submitted them to a jury for trial. The question was raised in the trial court and prop-

erly saved by exceptions, and these rulings of the trial court are presented for review on appeal. Appellant takes the position that the case as shown by the pleadings belongs to that class of cases which, prior to June 18, 1852, was of exclusive equitable jurisdiction, and which, under §418 Burns 1914, §409 R. S. 1881, is triable by the court.

Appellant asserts that the pleadings show this to be a suit to obtain the rescission of a contract, and that, prior to the adoption of the Code, such suits were of equitable cognizance, the relief sought being such as could be granted only by courts of chancery. As sustaining this position several cases are cited. *Hendricks* v. *Frank* (1882), 86 Ind. 278; *Monnett* v. *Turpie* (1892), 132 Ind. 482, 32 N. E. 328. Appellant admits that many cases may be found in which recoveries have been allowed in actions at law as for money had and received, where the facts involved did not differ materially from those stated in the pleadings in this case, and in which the form of action adopted has been recognized as proper by courts of appeal. *McQueen* v. *State Bank* (1850), 2 Ind. 413; *Moore* v. *Shields* (1889), 121 Ind. 267, 23 N. E. 89; *State* v. *Mutual Life Ins. Co.* (1910), 175 Ind. 59, 93 N. E. 213, 42 L. R. A. (N. S.) 256. It is conceded that the greater number of reported cases sustain the proposition last stated, but appellant takes the position that the lines of decisions cannot be reconciled, and that, the second proposition being unsound in principle, the court should not follow the cases cited to sustain it.

The court is of the opinion that appellant is in error in concluding that the cases cited to sustain the latter proposition are in conflict with those 1. cited as sustaining the former. Where the facts pleaded show that the contract has not

been rescinded by the act of the parties, and where the purpose of the suit is to obtain a rescission of the contract and the restoration of the *status quo ante* by the decree of the court, the first proposition applies. It also applies in cases where the relief sought by the plaintiff involves the setting aside of conveyances, the cancellation of mortgages or outstanding notes, or the granting of some other form of equitable relief. ·

The second proposition applies to cases which proceed on the theory that the contract is already rescinded. In such cases, if the relief sought is of such 2. a nature as can be awarded in an action at law, that action can be maintained. Appellant does not deny that an action at law can be maintained under the circumstances just stated, but he asserts that it cannot apply to the case at bar for the reason that appellant never assented to the rescission of the contract and that therefore the contract is still in force until recinded by some action of the court. In making this claim appellant relies on a rule as commonly stated to the effect that a contract cannot be abrogated or rescinded by one of the parties to it; that such a result can be accomplished only by the consent of all parties bound by it.

The rule as thus stated has reference to valid subsisting contracts. It does not apply to a contract of sale which is vitiated by fraud. Such contracts 3. are voidable *ab initio* at the election of the innocent party. Having taken the proper steps to avoid such a contract, the innocent party may thereafter treat it as a nullity. He may bring an action at law where a legal remedy is adequate, in which action he is required to establish the fraud and to show that he promptly took the proper legal steps

to avoid the contract. *Adam, etc., Co.* v. *Stewart* (1901), 157 Ind. 678, 61 N. E. 1002, 87 Am. St. 240; *Ohlwine* v. *Pfaffman* (1912), 52 Ind. App. 357, 100 N. E. 777; *Downham* v. *Holloway* (1902), 158 Ind. 626, 64 N. E. 82, 92 Am. St. 330. The issues were properly submitted to the jury for trial.

Numerous causes were assigned in the motion for a new trial, the overruling of which is assigned as error. The sufficiency of the evidence to sustain the verdict is raised in different forms by the third and fourth causes for a new trial. As to this proposition appellant asserts: (1) That the representations made by appellant as shown by the evidence are all expressions of opinion and not such statements of fact as can form a basis for fraud; (2) that there is a total want of evidence to show that appellant knew, at the time he made the statements, that they were untrue, or that they were made with intent to deceive appellee as to the value of the stock and to induce him to purchase it.

As to the first proposition, there is evidence to show that appellant stated to appellee that the Hamilton Trust Company was a good substantial trust company, and that it was all right in every way, and that stock in that company was being sold in Noblesville, Indiana, at the price of $120 a share. These statements are clearly representations of fact and not mere expressions of opinion. There is also evidence to show that appellant stated to appellee that the stock was worth from $130 to $140 a share and that it would move quickly at $120 a share. It has been decided that representations as to value may be made under such conditions and circumstances as to show that they were intended

as statements of fact and that they were so accepted. Under such conditions, representations as to value are held to be statements of facts on which an action for deceit can be based. *Grover* v. *Cavanagh* (1907), 40 Ind .App. 340, 82 N. E. 104; *Culley* v. *Jones* (1904), 164 Ind. 168, 73 N. E. 94; *Beck* v. *Goar* (1913), 180 Ind. 81, 100 N. E. 1. In view of the conclusion reached as to representations just stated, the court is not required to decide whether the statements as to value were made under such conditions and circumstances as would warrant the jury in finding that they were intended by appellant as statements of fact and that they were so understood and accepted by appellee.

On the day of the transaction here involved appellant and appellee, who had been friends for some time previous, met in Indianapolis, at a place where both were waiting to take the same traction car. Appellant was on his way to Noblesville to sell ten shares of stock in the Hamilton Trust Company located at that place, and appellee was on his way to his home in Kokomo. In response to an inquiry from appellee, appellant stated the purpose of his trip to Noblesville, and, on being informed by appellee that he was well acquainted in that city and had friends residing there who were in a position to purchase stock of that kind, appellant requested him to stop off at Noblesville and assist him in making the sale. Appellant offered to pay appellee $25 for his services in case they sold the stock for $1,200. Upon this proposition being accepted, the conversation ensued in which it is claimed the representations heretofore stated were made. Before the car reached Noblesville, appellee stated to appellant that the prospective purchasers whom he had in view were all good friends

of his and that he wanted to know that the stock was all right before he presented it to them. In response to this statement, appellant said, ''Well, I will tell you, you can go down to the trust company yourself, and they will tell you whether it is all right or not.'' In reply appellee said, ''Well, that looks all right, and I will do that.'' In pursuance to this arrangement appellee went alone to the place of business of the Hamilton Trust Company and held a conversation with Mr. Sturdevant, its secretary. He told Mr. Sturdevant that he was acting for a friend who wanted him to sell some stock of the company and that he wanted to know its condition. He asked for a statement, and was given a statement bearing date as of March, 1914. The date of this occurrence was January 19, 1915. Appellee looked at the statement and said, ''Surplus $4,500; capital stock $50,000; that would indicate that your book value is 109.'' Sturdevant said, ''Yes.'' Appellee then said, ''How is your present condition as compared to the condition at the time you made this statement?'' Sturdevant said, ''Just about the same.'' The statement was introduced in evidence. After the conversation at the bank, appellee met appellant on the street and gave him the statement, saying, ''They said it was all right; here is the statement they showed me; the book value shows 109.'' In response to this statement appellant said, ''I told you so.''

Following this conversation, the parties went together to call on several parties in an effort to dispose of the stock, but failed to make a sale. After they left the office of Dr. Hayworth, who was the last person to whom they endeavored to sell the stock, appellant proposed to appellee that he should buy

it. After some negotiations, appellee purchased the stock for $1,000, and gave a check for that amount. The trust company was closed within a week after this transaction, and the stock turned out to be entirely valueless. There is little dispute in the evidence as to the facts stated, but, wherever discrepancies occur, the statement conforms to the evidence most favorable to the verdict.

It is claimed that the evidence most favorable to the verdict clearly shows that appellee did not rely on the statements of appellant as to the condition of the trust company for the reason that his own testimony shows that he was not satisfied from such statements that the stock was a safe investment, as indicated by his statement, that he wanted to know that the stock was all right before presenting it to his friends; and for the further reason that the evidence shows without dispute that he went alone to the office of the trust company and talked to one of its officers and examined a statement given him there for the purpose of informing himself as to the true financial condition of such trust company.

The burden rested on the plaintiff below to prove by the evidence that he did rely on the statements of appellant and that he was induced thereby to enter into the contract. If he did not act on the faith of the representations made by appellant, but acted on his own judgment based on information gained in an independent investigation, he would have no right to recover. *Craig* v. *Hamilton* (1889), 118 Ind. 565, 21 N. E. 315. The question to be determined was one of fact. In order to justify a verdict in appellee's favor, the jury was required to find that he did

rely on the statements made and that his belief in the truth of such statements was the inducing cause which led him to make the contract and without which he would not have so acted. In deciding this question, the jury had a right to consider any investigation made by appellee, as well as the circumstances under which it was made and the character of such investigation. From a consideration of this evidence in connection with other evidence in the case bearing on the question, the jury was required to decide whether the decision of appellee to purchase the stock was based on information as to facts obtained from sources other than the representations by appellant, or whether he was influenced to make such decision by his faith in the statements made by appellant and by his reliance thereon. The jury by its verdict decided this question in favor of appellee, and there is evidence to sustain the verdict in this respect.

As a part of the cross-examination of appellee, he was asked by appellant's counsel to relate a conversation between him and Dr. Hayworth which, according to his examination in chief, occurred at the office of that physician a few minutes before appellee purchased the stock. The court sustained an objection to the question, and this ruling is assigned as a cause for a new trial. According to the witness, the conversation to which the question was directed occurred while appellee and appellant were in the office of the doctor for the purpose of selling the stock to him, but appellant testified that he did not hear the conversation between appellee and the doctor. Appellee stated, in his testimony in chief, that he had a conversation with the doctor, but did not state any part of it or attempt to give its substance.

Appellant asserts that the question was intended to elicit an answer showing that the doctor imparted to appellee some information as to the value of the stock or the financial standing and responsibility of the trust company upon which he relied and afterward acted in purchasing the stock. As appellee had testified in his examination in chief that he believed the statements of appellant in reference to the condition of the trust company and that he relied thereon and was induced thereby to purchase the stock, appellant had a right on cross-examination to elicit any facts which would dispute or weaken the statements of appellee on that subject; but he had no right to call for the entire conversation for the reason that no part of the conversation had been related by the witness in his examination in chief. If appellant desired to show that the doctor made any statement as to the value of the stock, or that he imparted any information as to the standing of the trust company, the question should have been so framed as to bring out that part of the conversation desired. There was no error in sustaining an objection to the question in the form in which it was propounded.

The sufficiency of the evidence to sustain the verdict is also challenged on the ground that there is a total want of evidence to show that appellant 9. knew, at the time the alleged fraudulent statements were made, that such statements, or any of them, were false. It is not necessary that the evidence should show that appellant knew that the facts stated were untrue. If he stated them to be true when they were in fact false, and when he had no definite knowledge as to whether they were true or false, and when he did not entertain a *bona fide* belief in

their truth, then such statements would evince such a reckless disregard of truth as would support an action for deceit. *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *New* v. *Jackson* (1911), 50 Ind. App. 120, 95 N. E. 328. The evidence shows that appellant had tried without success to sell the same stock to the witness Jones some time prior to the transaction involved in this action, and that Jones had stated to appellant that he had made inquiry as to the stock, and that he did not regard it as at all good; that he was a member of the finance committee of the board of directors of the National City Bank, and that such committee had dealings with the Hamilton Trust Company and had found quite a bad financial condition; that the National City Bank had an account with the Hamilton Trust Company and was requiring additional security, and that the finance committee intended to discontinue relations with the trust company as soon as it could. From a consideration of this evidence the jury was justified in finding that at the time the alleged statements were made appellant did not in good faith believe them to be true.

After a careful consideration of the record, the court is of the opinion that the judgment of the trial court is correct on the merits of the controversy, and that no reversible error was committed at the trial.

Judgment affirmed.

Harvey, J., dissents.