BOWSER ET AL. *v.* WOODRUFF.

[No. 13,545. Filed February 26, 1930.]

*Edwin B. Pugh,* for appellants.
*Earl J. Askren* and *Howard M. Meyer,* for appellee.

NEAL, P. J.—This action was brought by appellee against appellants, praying judgment on two certain promissory notes, each for the sum of $400, with interest at the rate of six per cent per annum after maturity and attorney's fees.

The cause was brought as two separate actions, each action being based upon a separate note executed by appellants, each note being for the same amount, to wit: $400, but having separate dates of maturity.

Appellants in each instance answered in four paragraphs: (1) General denial; (2) no consideration; (3) partial failure of consideration; and (4) suretyship of appellant Harry Bowser. Replies to the second, third and fourth paragraphs of the separate and several answers closed the issues.

When the two causes were at issue, same were consolidated upon motion of plaintiff (appellee), without objection of defendants (appellants). Trial was had before the court. The court found for appellee and rendered judgment accordingly. The only error relied upon for reversal is the overruling of appellants' motion for a new trial. The causes presented are: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding is contrary to law; (3) error in the assessment of the amount of recovery being too large.

The parties to this appeal agree that the only question involved is whether the evidence sustains the allegations of appellants' third paragraph of answer of partial failure of consideration, pleaded to each cause of action. The third paragraph of answer alleged, in substance, as follows: That the notes sued on were given by appel-

lants in payment of the purchase price of a certain business stand or stall, located in, and being a part of, the city market house in the city of Indianapolis, Marion County, in the State of Indiana, sold by appellee to Thomas A. Bowser; that, to induce the sale of said market stand, appellee made certain false representations that said stand had a certain, fixed, regular, established trade and business and was patronized by a large number of regular and permanent customers and that said trade and business and said large number of customers would be and continue a part of the established business of the stand; that said appellant, Thomas A. Bowser, in the purchase of said stand, relied upon said representations and believed them to be true, and that he had no means of knowing or of ascertaining the falsity thereof; that said pretended business and trade, commonly called "good will," constituted and was the principal asset of said stand, and that, so much of said promissory notes in excess of $200 was given in payment for said so-called "good will," but that, in truth and in fact, said stand did not have and possess said established trade and regular and permanent customers; and that, as to so much of the principal of said notes over and above the sum of $200 the same was without consideration.

Although the appellant denominated the third paragraph of answer as a partial failure of consideration, nevertheless it is clearly an answer of fraud. The evidence is insufficient to sustain a finding of fraud. If we concede that the allegations warrant the conclusion that failure of consideration is properly averred, still we would be constrained to hold the evidence insufficient to sustain a recovery thereon. If it be admitted that there was evidence to prove that the representations were false, there is not a scintilla of evidence that appellant believed them to be true, and relied thereon, and, because of such false representations, was induced to pur-

chase the business stand at a consideration of $800. *Towsey* v. *Shook* (1833), 3 Blackf. (Ind.) 267, 25 Am. Dec. 108; *Rogers* v. *Worth* (1836), 4 Blackf. (Ind.) 186; *Thomas* v. *Quick* (1840), 5 Blackf. (Ind.) 333; *Craig* v. *Hamilton* (1889), 118 Ind. 565, 21 N. E. 315; *Ferrell* v. *Hunt* (1919), 189 Ind. 45, 124 N. E. 745.

Judgment affirmed.