### JONES v. QUICK.

WARRANTY.—WHAT IS.—In an action for a breach of warranty in the sale of personal property, the court instructed the jury as follows: "1. No particular form of words is necessary to make a warranty, though the word warrant is generally used. Any assertion of the seller in respect to the property, if intended by the seller and understood by the buyer as a warranty, must be considered as such, whether the word warrant was made use of or not;" and "2. When a warranty is relied on, the question with the jury should always be, do the words proven fairly show that they were intended and understood by the parties at the time of the sale or exchange as a warranty? If they do,.then they must be so considered."

*Held*, that the instructions contained a correct exposition of the law as applicable to cases where the property is exposed to the inspection of the seller.

SAME.—When the language used is not a warranty in terms, it is a question for the jury whether the words used were intended on the one hand and relied upon on the other as a warranty, and this is to be determined from the language used and all the attendant circumstances.

SAME.—DECEIT.—The following instruction, asked by the plaintiff in a suit for a breach of warranty, and for deceit in the sale of a horse, was held to have been correctly refused: "The law does not require that the defendant should have actual and positive knowledge, at the time of the trade, that the horse was diseased, but if the jury believe, from the evidence, that such facts and circumstances did exist, within the knowledge of the defendant, as would put a man of ordinary prudence upon his guard in relation to the horse being diseased, the defendant was bound at his peril to disclose such facts and circumstances to the plaintiff when he made the trade, and failing so to do, if it turns out that the horse was diseased at the time of the trade, the seller is as much liable as if he had had actual knowledge and failed to disclose it to the plaintiff."

APPEAL from the *Bartholomew* Common Pleas.

FRAZER, J.—The appellant was the plaintiff below. The complaint was in three paragraphs.

1. Upon a warranty of the soundness of a pair of horses delivered to the plaintiff upon an exchange of horses between the parties, alleging for breach that one of the horses warranted was diseased with glanders.

2. For fraud in representing the horse to be sound, knowing him to be diseased.

3. For fraudulent concealment of the fact that the horse was diseased.

The answer was in two paragraphs, one of which was the general denial. There was a verdict and judgment for the defendant.

The correctness of the following instructions, given to the jury, is called in question here:

"3. No particular form of words is necessary to make a warranty, though the word warrant is generally used. Any assertion of the seller in respect to the property, if intended by the seller and understood by the buyer as a warranty, must be considered as such, whether the word warrant was made use of or not.

"4. When a warranty is relied on, the question with the jury should always be, do the words proven fairly show that they were intended and understood by the parties at the time of the sale or exchange as a warranty? If they do, then they must be so considered."

We think that these instructions are a fair statement of the law as it has always been held in this State, applicable to cases where the property alleged to have been warranted is exposed to the inspection of the party contracting for it. *House* v. *Fort*, 4 Blackf. 293; *Stanley* v. *Norris, id.* 353; *Humphreys* v. *Comline*, 8 *id.* 516.

Upon the subject of warranty, the plaintiff asked, and the court refused, the following instruction:

"2. To constitute a warranty, no particular form of words is required, and it may be stated as a general principle, that whatever the seller represents at the time of the sale or trade, is a warranty."

When the language employed is not a warranty in terms, it is of course a question whether it was intended on the one hand, and relied upon on the other, as a warranty. This question is to be determined from the language, taken in connection with the attendant circumstances. It is therefore a question of fact for the jury, and not of law for the court, and hence this instruction was properly refused

in this case. The evidence fully discloses the circumstances under which the words were used, and the instruction did not leave the question to the jury to be determined upon the whole evidence, and would therefore have been likely to mislead.

The plaintiff prayed the following, which was also refused:

"7. The law does not require that the defendant should have actual and positive knowledge, at the time of the trade, that said horse was diseased of glanders, but if the jury believe from the evidence that such facts and circumstances did exist, within the knowledge of the defendant, as would put a man of ordinary prudence upon his guard in relation to the horse being diseased, he was bound, at his peril, to disclose such facts and circumstances to the plaintiff when he made the trade, and failing so to do, if it turns out that said horse had said disease at the time of the trade, the defendant is as much liable as if he had had such actual knowledge and failed to disclose it to plaintiff."

This instruction, in plain terms, is to the practical effect that the seller, having a knowledge of facts which would ordinarily excite a suspicion that the horse was diseased, *but which in the given case did not excite such apprehension,* is nevertheless liable for fraudulent concealment because of his mere silence as to those facts, if it turns out that the horse was actually diseased, *even if the suspicious facts were known to the purchaser.* Surely this is not the law. In the form in which we have put the proposition, we have inserted in italics two facts concerning which the instruction asked was silent, and which possibly the jury might have found from the evidence, *i. e.,* that the plaintiff was aware of the facts supposed to be sufficient to awaken solicitude as to the soundness of the animal, and that no such apprehension existed on the part of the defendant. These points should have been taken into the account, and must have been found the other way in order to make the proposition, in any event, good law. But even then, it would have re-

quired a purer morality than is exacted by our municipal law, which leaves the citizen somewhat to the care of his own interests, and often withholds its remedies where his own vigilance and reasonable caution would, if exerted, have afforded him security. A valuable elementary treatise has the following admirable general statement of the result of the authorities upon this subject:

"The common law does not oblige a seller to disclose all that he knows, which lessens the value of the property he would sell. He may be silent, leaving the purchaser to inquire and examine for himself, or to require a warranty. He may be silent and be safe; but if he be more than silent; if by acts, and certainly if by words, he leads the buyer astray, inducing him to suppose that he buys with warranty, or otherwise preventing his examination or inquiry, this becomes a fraud, of which the law will take cognizance. The seller may let the buyer cheat himself *ad libitum*, but must not actively assist him in cheating himself." 1 Parsons on Con., 5th ed., 578.

The judgment is affirmed, with costs.

*R. Hill, G. W. Richardson, S. Stansifer* and *F. Winter*, for appellant.

*F. T. Hord, W. Herrod* and *W. W. Herrod*, for appellee.

