THE FIRST NATIONAL BANK OF KANSAS CITY *v.* GRINDSTAFF ET AL.

PLEADING.—*Answer.*—*Note Purporting to be Payable in a Bank.*—In an action by an indorsee of a note purporting to be payable at a bank in this State, in an answer by the maker alleging a want or failure of consideration and averring that there never was any such bank as the one named in the note, it is not necessary to allege that the indorsee was informed of the non-existence of the bank.

PROMISSORY NOTE.—*Maker.*—*Estoppel.*—The maker of a promissory note purporting to be payable at a bank in this State is not estopped, as against an innocent holder, from denying that there was such a bank as the one named in the note.

WARRANTY.—Where the seller of personal property which is unsound warrants

it to be sound, the purchaser has a right to rely on the warranty, though he may have had an opportunity to examine the property.

From the Lawrence Circuit Court.

*F. Wilson* and *A. C. Voris*, for appellant.

DOWNEY, C. J.—This was an action by the appellant against the appellees on two promissory notes executed by the appellees to Matthews & Bro. and endorsed by them to the plaintiff. The notes were, on their face, "payable and nego-tiable at the Bedford Bank, Lawrence county, Indiana."

The defendants answered in two paragraphs. In the first, they alleged that the notes were given without any good or valuable consideration whatever, and that there never was any such bank as that named in the notes. The second paragraph of the answer alleged a warranty of the property for which the notes had been given, a breach thereof, and a consequent failure of the consideration of the notes, setting out the facts, and also alleged that there was no such bank as that named in the notes. Demurrers to these paragraphs of the answer were filed by the plaintiff, and overruled by the court. This is the basis of the first and second assignments of error.

The ground assumed by counsel for the appellant, relating to both paragraphs, is, that, to make the paragraphs of the answer good, it should have been alleged that the appellant was informed of the non-existence of the alleged bank at Bedford, and that the appellees were estopped to set up the non-existence of the bank as against an innocent holder of the notes. This point has already been decided against the position assumed. *Parkinson* v. *Finch, ante,* p. 122.

The second paragraph alleges, in substance, the sale by the payees of the note of certain sheep to Grindstaff, one of the makers of the note, as the consideration for the same; that the sheep were warranted to be sound ; that they were not sound, but, on the contrary, diseased, and that many of them died ; that in settlement of that transaction, the notes in question were executed for the value of the sheep yet living, the payee again warranting them to be sound, etc.;

that they were not sound, but diseased with foot-rot; that they all died; and that they communicated the disease to twenty-five other sheep of said Grindstaff, which also died, etc. It is also urged against the second paragraph of the answer, that as the sheep had been for some time in the possession of the appellee Grindstaff, before the giving of the notes and the making of the alleged warranty, and he had therefore had an opportunity to examine them, the paragraph is not good. But it is alleged that the payees of the notes warranted that the sheep were sound. Under these circumstances, it is immaterial whether Grindstaff had an opportunity to examine the sheep or not. He had a right to rely upon the warranty.

There is no other question presented by the assignment of errors.

The judgment is affirmed, with costs.