## LaGrange *v.* Coyle et al.

[No. 7,564. Filed April 5, 1912.]

1. BILLS AND NOTES.—*Action.—Material Alterations.—Answer.—Sufficiency.*—In an action on a promissory note, a sworn paragraph of answer admitting the execution and delivery of the note sued on, but alleging that after the signing and delivery, and without the consent or knowledge of defendant, the same was materially altered and changed by inserting certain words in the body thereof, so that the note sued on was not in terms the note executed, was sufficient as against a demurrer without alleging that the alteration of the note was made by the party claiming under it. p. 144.

2. BILLS AND NOTES.—*Material Alterations.*—Unauthorized alterations of a note, which vary the legal effect thereof to the advantage of the person making such alterations, are sufficient to avoid the contract. p. 144.

3. PLEADING.—*Cross-Complaint.*—*Founded on Written Instrument.* —*Sufficiency.*—Where a cross-complaint is founded on a written warranty, it will be insufficient unless the instrument is set out in the body thereof or is made an exhibit thereto. p. 145.

4. SALES.— *Warranty. — Consideration. — Pleading. — Answer.* — A warranty of the thing sold, made at the time of· the sale, is a part of the entire contract, and the price paid for the subject of the sale constitutes the consideration for the warranty, so that in an action on a note for the purchase price of a horse an answer setting up a breach of warranty was not open to the objection that no consideration for the warranty was shown. p. 145.

5. SALES. — *Warranty. — Breach. — Answer. — Sufficiency.*— In an action on a note given for the purchase price of a stallion, an answer setting up a breach of warranty was insufficient for failure to allege what the services of the horse were worth or that he was less valuable than if he had been as warranted. p. 145.

6. SALES.—*Warranty.*—*Breach.*—*Remedy.*—It is the general rule that, in the absence of fraud, the breach of warranty of personal property unconditionally sold will not· give to the purchaser a right to rescind the contract, but his remedy is by original action on the warranty, or he may set it up by counterclaim, or rely upon it as a defense in an action for the purchase money. p. 145.

7. SALES.—*Action for Purchase Price.*—*Defense.*—*Breach of Warranty.*—Where a breach of warranty is relied on as a complete defense, it must be made to appear that the damages sustained on account of the breach are equal to the amount of plaintiff's claim, or that the article was of no value for any purpose. p. 146.

From Superior Court of Marion County (74,555) ; *George F. Mull*, Special Judge.

Action by Jasper W. LaGrange against George W. Coyle and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Mark H. Miller Robert M. Miller* and *Henry C. Barnett*, for appellant.

*John M. Wall, William W. Spencer* and *Edwin W. Spencer*, for appellees.

IBACH, P. J.—This was an action by appellant against appellees upon a promissory note in the following words and figures:

"Franklin, Ind., Sept. 19, 1904.

Nov. 1, 1906 —— after date we promise to pay to the order of J. W. LaGrange two hundred dollars, negotiable and payable at the Franklin National Bank, Franklin, Ind., with six percent interest after date until paid, and reasonable attorney's fees; value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and nonpayment of this note, and all defense on the ground of any extension of time of its payment that may be given by the holder or holders to them or either of them. The express conditions of the sale and purchase of the stallion Aulton Boy, for which this note is given, is such that the title, ownership or possession does not pass from the said J. W. LaGrange until this note and interest is paid in full, and if the same should become due and remain unpaid, or any portion of the same horse, I, G. W. Coyle, hereby authorize J. W. LaGrange, or his agent, to enter upon my premises and take possession of the said horse, or wherever it may be found, and any payment that shall have been made shall be considered compensation for the use of said horse.

· Post office, P. O. Indpls.

Address, Township—Haughville Sta.—

R. R. 18.

G. W. Coyle,

$200.                      Paul Kraft.''

Appellee Coyle filed a cross-complaint which declared on the breach of a written instrument of warranty, executed to him at the time of the purchase of the horse and the execution of the note, guaranteeing the horse to be a sound, wellbred stallion, capable of begetting colts, alleged that he was impotent and unable to perform the duties for which he was purchased, and asked $500 in damages for expense in feed and care of him.

Both appellees filed an amended third paragraph of answer, which alleged, in substance, that the note sued on was given by appellees in payment for a certain stallion named Aulton Boy, sold to appellee Coyle at about the time of the execution of said note. At the time of the delivery of the

horse to Coyle, and the delivery of the note to plaintiff, plaintiff executed and delivered to Coyle the following instrument.

"Franklin, Ind., Sept. 23, 1904.

We guarantee the horse Aulton Boy to be a reasonably sure breeder.

W. H. LaGrange & Son."

The son named in the signature of the instrument is the plaintiff. Said horse was not a reasonably sure breeder, and did not perform and was unable to perform the duties of a stallion as guaranteed by said plaintiff, and he failed to beget colts, and out of eighty-seven services by said stallion only five colts were begotten by him. Defendant Coyle was at the expense of $500 in the care and keep of said horse, and said horse was and is worthless as a stallion. As soon as the first season was over, and defendant learned that said horse had not begotten colts, as hereinbefore alleged, sometime in May, 1906, he tendered said stallion back to the plaintiff, and demanded a surrender of said note, and plaintiff then refused to take back the horse or surrender the note, and still refuses. Defendants pray for a surrender and cancellation of the note.

Each of appellees filed a separate sworn fifth paragraph of answer, admitting the signing of the note sued on, and its delivery to the plaintiff, but alleging that after the signing and delivery, and without the consent or knowledge of appellees, the note "was altered and changed in manner following, to wit: the words 'stallion,' 'Aulton Boy,' 'J. W. LaGrange,' 'G. W. Coyle,' 'horse,' 'horse,' were inserted in the body of said note. That said changes so made were material alterations of the note, and the note sued on is not in terms the note executed by appellees."

It is relied on for reversal that the court erred in overruling appellant's separate demurrers to the cross-complaint, amended third paragraph of answer, and separate fifth paragraphs of answer.

The separate fifth paragraphs of answer are good. "Where an instrument is altered after its execution, it will be presumed until the contrary is shown, that the altera-
1.  tions were made by the party claiming under it, or by one under whom he claims, and it is not necessary in an answer stating that an instrument sued on has been altered, to allege that it was altered by the party claiming under it, or by one under whom he claims." *Bowman* v. *Mitchell* (1881), 79 Ind. 84, 6 L. R. A. 469. See, also, *Palmer* v. *Poor* (1889), 121 Ind. 135, 22 N. E. 984.

The alterations alleged were sufficient to avoid the contract. "If while a written contract remains executory, a party unauthorized so alters it as to vary its legal effect to his
2.  advantage, whether he meditates a fraud or not, then at the election of the other party, he is estopped from relying upon it in a court of justice. Plainly in reason, after a party has intentionally altered the contract, thus abandoning it in its orginal form, he can not before the tribunal reclaim what *in pais* he had cast aside; and he can not rely on the new form of words, because to them the other party had not consented." Bishop, Contracts (2d ed.), §§746, 747. See, also, *Coburn* v. *Webb* (1877), 56 Ind. 96, 100, 26 Am. Rep. 15. "Any change which makes a new stipulation or condition in the contract of the parties is material, as a stipulation waiving the benefit of a legal defense or exemption, or a stipulation in a note retaining a lien upon land." 2 Cyc. 193. See, also, *McDaniel* v. *Whitsett* (1896), 96 Tenn. 10, 33 S. W. 567. The alterations alleged in the case at bar certainly very materially changed the contract between the parties from an ordinary promissory note to a contract more advantageous to appellant, containing the additional provisions that title, ownership and possession of the horse, Aulton Boy, should be retained by appellant until the note was paid.

The cross-complaint was bad, and the demurrer thereto should have been sustained. "When any pleading is

founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading.'' §368 Burns 1908, §362·R. S. 1881. This cross-complaint was founded on a written warranty, and does not set out the written instrument, either in the body of the pleading or as an exhibit.

The amended third paragraph of answer proceeds on the theory of total failure of consideration for the note by reason of a breach of warranty.

It is not open to the objection that no consideration for the warranty is shown. ''When it [a warranty] is made at the time of a sale, it is a part of the entire contract, and the price paid for the subject of the sale constitutes the consideration for it.'' 30 Am. and Eng. Ency. Law (2d ed.) 132.

But this paragraph is fatally defective for failure to allege that the horse was depreciated in value because he was not ''a reasonably sure breeder,'' as guaranteed. It is averred that his care and keep amounted to $500, but it does not appear what his services were worth, nor that he was less valuable than if he had been as warranted. It is alleged that he was worthless as a stallion, but not that he was valueless.

Appellee insists, however, that since there was a sale of the horse with a warranty, and defendant offered to return the horse, this fact, considered with the other facts pleaded, is sufficient to show a total failure of consideration for the note.

There is no allegation of fraud in connection with the sale, neither does it appear that there was any agreement between the parties permitting a rescission of the contract by a return of the property in case of a breach. The general rule is that a breach of warranty of personal property, which was unconditionally sold, in the absence of fraud, will not give to the purchaser a right to rescind the

contract. The injured party's remedy in such a case is to bring his original action on such warranty, or he may set it up by counterclaim. *Marsh* v. *Low* (1876), 55 Ind. 271; *Ohio Thresher Engine Co.* v. *Hensel* (1894), 9 Ind. App. 328, 36 N. E. 716; *Hoover* v. *Sidener* (1884), 98 Ind. 290; *Price* v. *Huddleston* (1906), 167 Ind. 536, 79 N. E. 496. Or it may be relied on as a defense in an action for the purchase money, and where the breach of warranty is relied on

7. as a complete defense, it must be made to appear that the damages sustained on account of such breach are equal to the amount of plaintiff's claim, or that such article was of no value for any purpose. The allegation that the horse was of no value as a stallion is not sufficient, although coupled with the allegation that the horse was tendered back and the tender refused. *Price* v. *Huddleston, supra; A. D. Baker Co.* v. *Cornelius* (1911), 47 Ind. App. 1, 93 N. E. 686; *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Smith* v. *Borden* (1903), 160 Ind. 223, 66 N. E. 681; *Merchants, etc., Sav. Bank* v. *Frazee* (1894), 9 Ind. App. 161, 166, 36 N. E. 378, 53 Am. St. 341.

We find some early cases which seem to be out of line with the present holding, but they have been modified to such an extent by the later decisions that we are precluded from following them.

The judgment is reversed, with directions to sustain the demurrers to appellee Coyle's cross-complaint, and to appellees' amended third paragraph of answer, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 75. See, also, under (1) 2 Cyc. 232; (2) 8 Cyc. 92; (3) 31 Cyc. 227; (4) 35 Cyc. 449; (5) 35 Cyc. 452; (6) 35 Cyc. 434; (7) 35 Cyc. 451. As to what amounts to breach of warranty of soundness of horse, see 32 L. R. A. (N. S.) 182. As to breach of warranty in sales of horses and cattle for breeding purposes, see 102 Am. St. 622.