## VAUPEL v. LAMPLY.

[No. 22,515. Filed January 9, 1914.]

1. SALES.—*Breach of Warranty.—Evidence of Value.—Sale Price.* —In an action for a breach of warranty in the sale of goods, the sale price is *prima facie* their value had they been as warranted. p. 10.

2. SALES.—*Breach of Warranty.—Continuing Warranty.*—In an action for a breach of warranty in the sale of hay, the question of whether the warranty was a continuing one was not essential to plaintiff's recovery, where there was abundant evidence from which the court was warranted in inferring that the defect in quality existed at the time of the sale. p. 10.

3. SALES. — *Action for Breach of Warranty. — Evidence.—Suffi-*

*ciency.—Warranty.*—In an action for a breach of warranty in the sale of clover hay, where the evidence showed that the hay was in a barn and mostly covered with timothy, that the purchaser walked across the hay and was afraid that it was not good, that the seller thereupon said "this hay has got to be number one", that the purchaser then agreed to take it if the seller "would make it good", to which the seller replied that if it was not good, it was his hay, the court was warranted in finding that the representation constituted a warranty. p. 11.

4. SALES.—*Warranty.—Duty of Inspection.*—Where there is an express warranty as to the quality of goods sold, the purchaser is under no duty to make an inspection. p. 12.

5. SALES.—*Action for Breach of Warranty.—Proof.—Variance.*— If a complaint for breach of warranty counts on an oral warranty, there can be no recovery on evidence showing that the contract of sale was in writing. p. 12.

6. APPEAL.—*Waiver of Error.—Briefs.*—A chattel mortgage relied upon by appellant as constituting a contract of sale will not be considered on appeal, where neither the mortgage nor its substance is set out in his brief, as required by clause 5, Rule 22 of the Supreme Court. p. 12.

7. ACCOUNT STATED.— *Evidence.— Presumptions.*— On a showing · that plaintiff, after becoming aware of his cause of action against defendant for a breach of warranty in the sale of hay, continued to occupy the defendant's farm, and that thereafter annual settlements were had, at some of which plaintiff executed notes to defendant for balances, a presumption arises that all accounts were included in such settlements and that any former account due plaintiff from defendant was paid, but such presumption is not conclusive. p. 12.

8. APPEAL.—*Review.—Findings.—Conclusiveness.*—A finding of the trial court cannot be reviewed on appeal where there was some evidence to support it. p. 13.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Leonard Lamply against Edward Vaupel. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*G. V. Menzies,* for appellant.

*R. U. Barker, William Espenschied* and *George Wm. Curtis,* for appellee.

MORRIS, C. J.—Action by appellee against appellant, for

damages for breach of an alleged express warranty in an oral contract for the sale of hay. The complaint, among other things, alleges that appellee paid $7.50 per ton for 100 tons of clover hay purchased from appellant under an agreement by which appellant warranted it to be "first class, clean, well cured, * * * of superior quality, fit to bale and feed to stock and cattle"; that in fact, it was full of dust, "fired", and so mouldy and black that it was not fit either to feed to stock, or to bale for sale. In an answer of four paragraphs appellant pleaded the general denial, the six years' statute of limitations, payment, and accord and satisfaction.

The only questions presented by appellant's brief depend on the alleged insufficiency of the evidence. No witness testified in relation to the value of the hay, if it 1. had been as warranted, and appellant contends that inasmuch as the measure of damages is the difference between the actual value (which was proven) and that of hay of the warranted quality, the evidence fails to disclose one of the necessary facts to use as a basis of assessing damages. It is a settled rule, in such cases, that the sale price is *prima facie* evidence of the value of the warranted chattel, had it possessed the requisite quality. *Hege* v. *Newsom* (1884), 96 Ind. 426, 431, and cases cited; 35 Cyc. 465, 471.

It is further contended that the warranty here was not a continuing one, and only warranted the quality at the time of sale; and that the only evidence of defective 2. quality related to a time some months afterwards. Appellee claims the evidence shows a continuing warranty. *Hitz* v. *Warner* (1911), 47 Ind. App. 612, 93 N. E. 1005; 35 Cyc. 369. The hay was cut and put in appellant's barn in June, 1904. Afterwards, but before sale, some timothy hay was placed on top of it. Appellee rented the farm the first of August, 1904, and at that time purchased the clover hay. Appellee did not attempt to feed or bale

it until during the winter. Appellant testified that when the sale was made, it was contemplated that appellee should feed from the hay during the winter, and whatever, if any, remained, should be baled. It is not necessary to determine whether the warranty was a continuing one, because there was abundant evidence from which the court was warranted in inferring that the defect in quality existed at the time of the sale. One of appellant's employes, who helped to put the clover in the barn, in June, testified that, when mowed, it was damp, and, because thereof, appellant caused a lot of lime to be sprinkled on it. There was evidence that a large portion of it, except that on top, was, when removed during the winter, packed down so solidly that it had to be chopped out of its position; that it was mouldy and caked, and cattle would not eat it; that towards the bottom it got worse, until, when within three and a half feet of the mow floor, it was mouldy and "looked like it had been whitewashed"; that at that point, the balers quit work. There was no evidence that the hay was exposed to the elements after it was placed in the barn.

Appellant insists that the evidence fails to establish a warranty; that the defective quality of the hay was obvious or could have been ascertained by inspection; that

3. these, and other facts, rebut the inference of warranty. Appellee among other things, testified that he and appellant were in the barn, during the negotiations; that he walked across the hay, which was mostly covered with timothy, and was afraid it was not good; that thereupon appellant said "this hay has got to be number one"; that appellee then said he would take it if appellant "would make it good", and appellant replied if it was not good, it was his hay. The court was warranted in finding that the representation constituted a warranty, rather than mere commendation. 35 Cyc. 383; 30 Am. and Eng. Ency. Law (2d ed.) 142. The evidence justifies the inference that appellant made the representation for the purpose of assur-

ing appellee that the quality of the hay was "number one," and thereby inducing him to buy, and that it was so received and relied on by appellee. *Jones* v. *Quick* (1867), 28 Ind. 125. The complaint declares on an express warranty, and, if proven, there was no duty on appellee's part to make an inspection. *Hitz* v. *Warner, supra.* Indeed it often happens that the main purpose of an express warranty is to render inspection unnecessary. *Meickley* v. *Parsons* (1885), 66 Iowa 63, 23 N. W. 265, 55 Am. Rep. 261; *Gould* v. *Stein* (1889), 149 Mass. 570, 22 N. E. 47, 5 L. R. A. 213, 14 Am. St. 455; 35 Cyc. 378.

Appellant asserts that it is shown by certain evidence that the contract of sale was in writing, and consequently there can be no recovery where the complaint declares on an oral warranty. If the fact be conceded, the legal conclusion follows. *Johnson* v. *McCabe* (1871), 37 Ind. 535. However, as appellant's counsel has not deemed the asserted evidence of the written contract (a chattel mortgage from appellee to appellant) of sufficient importance to justify him in setting it out in his brief, or stating therein its substance, we must deem a consideration thereof as waived. Clause 5, Rule 22 of this court.

The evidence shows that appellee occupied appellant's farm for five years, and that annual settlements were had by the parties, at some of which appellee executed notes to appellant for balances, and, at the settlement in August, 1909, appellee paid appellant $1,200 for rent. This suit was commenced in 1910. Appellant claims these settlements are conclusive, because no fraud, mistake, omission or inaccuracy is shown, and because it appears that appellee was, at each settlement, aware of his cause of action; also, that the execution of the notes by appellee, presumes the payment of any debt owing from appellant. It may be conceded that such settlements, together with the execution of the notes, raise the presumption

that all accounts were included in the settlements, and that any former account due appellee from appellant was paid, yet such presumption is not conclusive. *Lindville* v. *State, ex rel.* (1891), 130 Ind. 210, 29 N. E. 1129; *Wilkins* v. *Ferguson* (1874), 47 Ind. 136. Appellee testified that at the various settlements, he endeavored to secure an adjustment of his hay claim, but appellant at each time made an excuse for postponing a consideration of the matter, and, because thereof, it was agreed not to include such account in either settlement. There was a direct conflict in the evidence on this point, but the trial court's finding cannot be reviewed here, because there was some evidence to support it.

The record discloses no reversible error. Judgment affirmed.

Spencer, J., not participating.

NOTE.—Reported in 103 N. E. 796. See, also, under (2) 35 Cyc. 415; (3) 35 Cyc. 381, 464; (5) 35 Cyc. 454; (6) 2 Cyc. 1013; (7) 8 Cyc. 538; (8) 3 Cyc. 360. As to implied warranty of quality on sale of personalty, see 55 Am. Dec. 328; 102 Am. St. 607. As to law of accounts stated, see 136 Am. St. 37.