# McCARTY v. WILLIAMS.

[No. 8,465. Filed April 1, 1915.]

1. APPEAL.—*Questions Reviewable.—Objections on Demurrer.— Memorandum.*—Objection to the sufficiency of a complaint, unless set forth in the memorandum filed with the demurrer in clear and unambiguous language, will not be considered on appeal. p. 443.
2. SALES.—*Breach of Warranty.—Complaint.—Reliance on Express Warranty.*—A complaint for damages for breach of warranty in the sale of a horse alleging facts showing that at the time of the sale the defendant stated in response to a direct question that the horse was "sound and all right", etc., shows that plaintiff's action is based upon an express warranty, and the use of the word "implied" in the complaint will be treated as surplusage. p. 443.
3. SALES.—*Breach of Warranty.—Pleading.—Fraud.*—In an action for damages for breach of warranty, the plaintiff need not charge fraud or deceit, or that the defendant had knowledge of the de-

fective condition of the thing sold, or that plaintiff was deceived by any representations made by him. p. 443.

4. SALES.—*Express Warranty.—Reliance.*—In the sale of a horse warranted as sound and all right, the purchaser was not obliged to make any examination to discover the condition of the animal, but had a right to rely upon the express warranty of the seller. p. 444.

5. APPEAL.—*Review.—Theory of Case.*—Where a cause was tried upon the theory that the complaint charged a breach of warranty, and such theory appeared in the pleading, the court on appeal will adopt such theory, and the objection that the complaint does not disclose the theory on which it was tried will be disregarded. p. 444.

6. SALES.—*Breach of Warranty.—Fraud and Deceit.—Distinction in Actions.*—Warranties, though collateral to the principal purposes of a contract of sale, enter into it as an element thereof on which the minds of the contracting parties meet, and as a part of the consideration for the purchase, so that an action based on the breach of an express warranty is founded upon an express contract and is distinguishable from an action for fraud and deceit in that the latter actions have no element of contract in them and are essentially in tort. p. 444.

7. SALES.—*Breach of Warranty.—Action.*—It is not essential to recovery in an action for breach of an express warranty that the buyer should have been deceived, and it need neither be shown that he would not have purchased but for the warranty, nor that the warranty constituted an inducement to the buyer or that he relied upon it otherwise than in contracts generally. p. 445.

8. APPEAL.—*Review.—Verdict.—Conclusiveness.*—The court on appeal can not disturb a verdict based on conflicting evidence on the ground that it is not sustained by sufficient evidence. p. 446.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by Charles G. Williams against James McCarty. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ralph S. Gregory* and *Leslie R. Naftzger,* for appellant. *Templer & Ogle* and *John McPhee,* for appellee.

SHEA, J.—This action was brought by appellee against appellant to recover damages for an alleged breach of warranty in the sale of a horse. The cause was tried upon the second paragraph of complaint, the material allegations of

which are as follows: That about February 8, 1911, appellee purchased of appellant a gray mare for the sum of $200; that before he purchased the mare appellant represented and recommended to appellee that the mare was "sound and all right"; that at the time and immediately before appellee purchased the mare he asked appellant whether she was "sound and all right" and appellant in reply said "that said mare is sound and all right and, relying upon said implied warranty", appellee purchased the mare of appellant and paid him $200 for her, which was the reasonable value of the animal had she been "sound and all right"; that at the time the mare was afflicted with the disease of periodic ophthalmia, commonly called "moon eyes" which is incurable and eventually results in total blindness; that the disease is such that, at times, it can not be detected by an inspection of the eyes of an animal so afflicted, and, at the time appellee purchased the mare, her eyes did not show the disease, but in less than fifteen days thereafter it appeared, and she has had recurrences thereof at frequent intervals ever since, and at times is totally blind; that the mare is not now and was not at the time appellee purchased her reasonably worth to exceed $75 on account of the disease; that as soon as appellee learned the mare was so afflicted, he demanded and requested appellant to take her back and return his $200, but this, appellant refused to do, or to make whole or recompense him in any respect; that by reason of the mare being diseased and on account of the breach of warranty, appellee has been damaged in the sum of $200, all of which is due and wholly unpaid, wherefore he asks judgment, etc. A demurrer to this paragraph of complaint was overruled and appellant then filed answer in general denial. A trial of the issues resulted in a verdict and judgment in favor of appellee for $75.

The overruling of appellant's demurrer to the complaint and his motion for a new trial are the errors assigned and relied on for a reversal. Some of the objections urged in

appellant's memorandum filed with the demurrer to 1. the complaint for want of facts do not meet the requirements of the rule as laid down by this court as well as the Supreme Court. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878. Those which properly present questions we shall consider.

It is insisted in argument that the complaint relies upon an implied warranty. The word "implied" appears in the complaint, but the facts pleaded show an express 2. warranty, so that the word "implied" as it so appears, will be treated as surplusage or of no effect for the purposes of this discussion. It is insisted that the facts pleaded do not constitute an express warranty. The facts pleaded show that at the time of sale in response to a direct question appellant stated the horse was "sound and all right". Under the authorities, this is sufficient. 35 Cyc. 388; *House* v. *Fort* (1837), 4 Blackf. 293; *Hitz* v. *Warner* (1911), 47 Ind. App. 612, 93 N. E. 1005; *Cook* v. *Moseley* (1835), 13 Wend. (N. Y.) 278; 2 Mechem, Sales §§1268, 1269; *Smith* v. *Borden* (1903), 160 Ind. 223, 66 N. E. 681; 1 Beach, Contracts §254; Newmark, Sales §321; 1 Benjamin, Sales (7th ed.) §610; *Vaupel* v. *Lamply* (1914), 181 Ind. 8, 103 N. E. 796; *Rose* v. *Hurley* (1872), 39 Ind. 77; *Shirk* v. *Mitchell* (1894), 137 Ind. 185, 36 N. E. 850.

Inasmuch as the case was tried upon the theory that the complaint charged a warranty and a breach thereof, and consequent damages, it was not necessary to charge 3. fraud or deceit, or to charge that appellant in this case had knowledge of the diseased condition of the animal or that the buyer was deceived by any representations made by the seller, so that such objections to the paragraph of complaint are not available. *First Nat. Bank* v. *Grindstaff* (1873), 45 Ind. 158; *Shordan* v. *Kyler* (1882), 87 Ind. 38.

This being an action based upon the breach of an express warranty, the purchaser, appellee in this case, was not

obliged to make any examination to discover the condition of the animal, but had a right to rely upon the express warranty of the seller as to such conditions. *Vaupel* v. *Lamply, supra; Hitz* v. *Warner, supra;* 2 Mechem, Sales §1275; *First Nat. Bank* v. *Grindstaff, supra; Shordan* v. *Kyler, supra; Northfield Nat. Bank* v. *Arndt* (1907), 132 Wis. 383, 112 N. W. 451, 12 L. R. A. (N. S.) 82; *Samuels* v. *Guin's Estate* (1892), 49 Mo. App. 8; *Branson* v. *Turner* (1883), 77 Mo. 489.

It is further urged that the complaint does not clearly disclose the theory upon which the cause was tried, as to whether "it was based on fraudulent representations, deceit or breach of contract or warranty". Inasmuch as the cause was tried upon the theory that it charged a breach of warranty, said theory being adopted by both appellee and appellant as well as the trial court, and inasmuch as that theory appears in the pleading, this court will adopt the theory upon which the cause was tried. *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182; *Studebaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 447, 127 Am. St. 397; Elliott, App. Proc. §490.

There is a clear distinction between an action for fraud and deceit and consequent damages and an action to recover upon a breach of warranty, which should not be overlooked. In the case of *Rose* v. *Hurley, supra,* 81, the distinction is clearly made in the following language: "A warranty rests upon contract, while fraud or fraudulent representations have no element of contract in them, but are essentially a tort. When judges or law writers speak of a fraudulent warranty, the language is neither accurate nor perspicuous. If there is a breach of warranty, it cannot be said that the warranty was fraudulent, with any more propriety than any other contract can be said to have been fraudulent, because there has been a breach of it. On the other hand, to speak of a false representation as a contract or warranty, or as tending to prove

a contract or warranty, is a perversion of language and of correct ideas.'' The subjects, however, are in many respects closely connected, and are frequently discussed together and sometimes in a confused and unguarded way. Warranties while collateral to the principal purposes of the contract are a part of the contract. They enter into the contract of sale as an element thereof on which the minds of the contracting parties meet, and as a part of the consideration for the purchase. An action based, therefore, on the breach of an express warranty, is founded upon an express contract and not upon deceit; and the question of the intention of the parties is involved as in actions on contract generally.

7. Defects known to the buyer may sometimes be excluded from a warranty because they cannot be presumed to have been intended by the parties to be insured against, but whatever, under the circumstances the parties can be said to have intended by their contract, to that will the seller be held as to other lawful engagements, and it is not necessary to the buyer's recovery that he should have been deceived. 2 Schouler, Per. Prop. 351. It is not necessary that it should be true that the buyer would not have purchased but for the warranty. If, in addition to the transfer of the property he can, for the same price or for a greater price, obtain the seller's agreement to insure the quality of the goods, such agreement goes with the goods as a part of the consideration, and the buyer is entitled to the benefit of his bargain in this regard, whether he would or would not have bought the goods without this additional consideration. Nor is it necessary that the warranty should constitute an inducement to the buyer or that he should rely upon it otherwise than in contracts generally. One party is induced by the reliance upon the engagements of the other contracting party, and in a pleading based upon a breach of such a warranty, if the warranty be sufficiently shown to have entered into the contract as an intended element thereof, and as a part of the consideration for the purchase price,

it is not necessary, any more than in other suits on contracts, to allege reliance of the buyer upon the warranty. *Shordan* v. *Kyler, supra; Jones* v. *Quick* (1867), 28 Ind. 125; 1 Parsons, Contracts (5th ed.) 578; *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *First Nat. Bank* v. *Grindstaff, supra; Bowman* v. *Clemmer* (1875), 50 Ind. 10; *LaGrange* v. *Coyle* (1912), 50 Ind. App. 140, 98 N. E. 75; *Hitz* v. *Warner, supra*. While this paragraph of complaint is by no means a model, it is sufficient to withstand a demurrer.

Many questions are argued under the alleged error of the trial court in overruling appellant's motion for a new trial. However, neither the motion for a new trial, nor the substance thereof has been set out sufficiently in appellant's brief to enable the court to consider all the questions attempted to be presented. It is however set out in appellant's brief and argued that: "1. The verdict of the jury is not sustained by sufficient evidence. * * * 3. The verdict of the jury is contrary to law."

There is much argument in appellant's very able brief in support of his contention that the verdict is not sustained by the evidence. We have given a careful examination to the evidence set out in appellant's brief, and find that upon all material questions involved there was a conflict in the evidence. Facts and circumstances were proven upon all material questions, upon which the jury might rest a verdict. Under the well-settled rule, this court can not disturb the verdict of the jury where there is such conflict in the evidence.

The instructions upon which error is attempted to be predicated are not fully set out in appellant's brief, and appellee has not altogether supplied the omission. We have examined such questions as are presented properly, and find no error of the trial court either in giving instructions or refusing those tendered.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 370. As to what constitutes a transaction of sale, see 94 Am. St. 209. As to what amounts to a breach of warranty of soundness of a horse, see 32 L. R. A. (N. S.) 182. As to whether warranty extends to obvious defects in animal, see 12 L. R. A. (N. S.) 82. See, also, under (1) 31 Cyc. 316; (2) 35 Cyc. 447; (3) 35 Cyc. 449, 450; (4) 35 Cyc. 378; (5) 2 Cyc. 672; (6) 35 Cyc. 368; (7) 35 Cyc. 376; (8) 3 Cyc. 348.