## In re BALLANCE.

### HIBBEN, HOLLWEG & CO. v. BLANN et al.

(Circuit Court of Appeals, Seventh Circuit. August 27, 1926.)

No. 3713.

**1. Bankruptcy ⬄184(1).**

Permitting such use of mortgaged merchandise as one conducting store would make of stock in trade *held* not to impair validity of chattel mortgage under Indiana law.

**2. Bankruptcy ⬄184(1).**

Mortgage on goods in stock, or thereafter to be placed in stock, *held* to create lien on stock on hand at time of mortgagor's bankruptcy, though only portion of original stock remained.

Appeal from the District Court of the United States for the District of Indiana.

In the matter of the bankruptcy of Charles E. Ballance. The order of the referee, disallowing the priority of the claim of Samuel Blann, was overruled by the District Court, and Hibben, Hollweg & Co. appeal, opposed by Samuel Blann and Jacob Cadden, as trustee. Affirmed.

Murat W. Hopkins, of Indianapolis, Ind., for appellant.

Ewing R. Emison and William S. Hoover, both of Vincennes, Ind., for appellees.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. One Ballance owned a stock of merchandise and fixtures kept in a store in Oaktown, Ind., where he had long carried on a regular mercantile business. June 22, 1923, owing the Oaktown bank $5,600 and one Haughton $1,500, he gave the bank notes due in 6 months and Haughton a note due in 18 months; appellee Blann signing each as surety. To secure Blann on his indorsement Ballance gave him a chattel mortgage, which was shortly afterwards recorded, on "the following described personal property, to wit: A general line of merchandise consisting of dry goods, groceries, notions, canned goods, scales, counters, safe, fixtures, and all other articles of merchandise; also shoes, clothing, furnishing goods, and all other articles of every kind, character and description now in or hereafter placed in store of the mortgagor on Bond street in the town of Oaktown, Knox county, Indiana." The mortgage provided that "said Ballance shall retain possession of and have the use of said property until said notes hereby secured shall become due."

Ballance continued to carry on the business. Most of the mortgaged merchandise was sold, and other merchandise was purchased to replace it. October 31, 1924, he was adjudged a voluntary bankrupt. The evidence tended to show that the stock of goods and fixtures on hand when it was given was worth about $15,000 and that at time of bankruptcy all of those goods had been sold except about $1,200, and at time of bankruptcy that on hand was worth about $11,000. The sales during the period aggregate about $45,000. Blann, who was a salesman in the store during all the time, was required to make good his undertaking of surety, and paid nearly the full amount of the notes, and he is claiming under his mortgage priority as to the merchandise and fixtures in the store at time of bankruptcy. Overruling the referee, who disallowed the claim, the District Court allowed it, giving it priority.

For appellant it is not contended that under the law of Indiana the mortgage upon this stock of merchandise of a going business is void, but it is insisted that upon the sale of the mortgaged goods the proceeds should be applied or considered as having been applied upon the mortgage debt. In general, the principle of this contention is sound as applicable to Indiana chattel mortgages; but the principle will not be applied where the facts do not warrant.

[1] The mortgage in question authorized the mortgagor to retain and have the use of the mortgaged property, and made the mortgage a lien upon after-acquired merchandise which was brought into the store. From these provisions it is fairly to be inferred that the indicated use was such use as one conducting a store would make of the stock in trade. The intended or contemplated use was surely not that the mortgagor might wear the apparel or consume the groceries, but the use intended was evidently that of selling the goods in the usual course of trade, and, in connection with the other clause, indicated that other merchandise might be purchased and paid for with the proceeds of the sales, and that the mortgage should be a lien upon such after-acquired property. If this were not so, these clauses would have no meaning. Such a use does not of itself impair the validity of an Indiana chattel mortgage, nor require application on the mortgage debt of the proceeds of sales as made. Vermillion v. National Bank of Greencastle, 59 Ind. App. 35, 105 N. E. 530, 108 N. E. 370.

[2] We gather from the record that this is what was here done. Appellee was selling this $15,000 stock of mortgaged merchandise in usual course of trade, replenishing his stock by new purchases, paying the store expenses and some of the merchandise bills, and after a year or more has on hand a stock of about $11,000, of which only about $1,000 was of the originally mortgaged merchandise (barring fixtures). Under this state of facts the mortgage remained a lien on the stock of merchandise finally on hand, for the full amount of the mortgage debt, unless it appears from the evidence that the mortgagor has taken unto himself or otherwise disposed of, proceeds of the mortgaged goods which are not represented by the goods on hand at time of bankruptcy, and the expenses of conducting the business—a state of facts which the record before us does not disclose. There is no evidence that the mortgagor ben-

efited by the proceeds of the sales, or, otherwise than as indicated, withdrew any part thereof.

Under the facts disclosed by the record there is no basis for requiring the mortgage debt to be considered extinguished or reduced as against the other creditors, and we are not warranted in disturbing the order of the District Court, which is accordingly affirmed.