**AAMCO TRANSMISSION, Appellant**
**(Defendant below),**

v.

**AIR SYSTEMS, INC., Appellee**
**(Plaintiff below).**

**No. 2–1182A379.**

Court of Appeals of Indiana,
Second District.

Feb. 21, 1984.

Rehearing Denied April 10, 1984.

W. Brent Threlkeld, Indianapolis, for appellant.

Alex L. Rogers, Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant, Aamco Transmission (Aamco), appeals the trial court's judgment in the amount of $2,131.00 in favor of plaintiff-appellee, Air Systems, Inc., (Air Systems).

Air Systems brought an action against Aamco alleging breach of warranty and negligence in Aamco's repair of Air Systems' service van. On January 4, 1980, Air Systems, relying upon Aamco's "one day service in most cases" advertisement, delivered its van to Aamco for repair. Aamco inspected the vehicle and Air Systems authorized the indicated required work. Delay was occasioned by the difficulties Aamco experienced in obtaining a second gear for the transmission which was ultimately procured by Air Systems. During the two week repair period, Aamco was contacted daily, and each time Air Systems expressed its dissatisfaction with the delay and its concern over the lost business income resulting from the delay.

The day after the second gear was obtained Aamco advised Air Systems the van was ready. On January 21, 1980 when Air Systems picked up its van, it immediately discovered problems with the transmission and the first gear.

### I. *Contrary to Law*

Aamco argues the trial court's ruling against it is contrary to law because Aamco was not afforded the opportunity to remedy the defects and, therefore, it did not breach its warranty.

██ Aamco alleges its opportunity to remedy defects is derived from the face of the warranty itself. Aamco's repair order, admitted as an exhibit, states the clutch service, pressure plate, disc, throwout bearing, pilot bushing, resurfaced flywheel and the rebuilt transmission were subject to a "full 90 day warranty." Aamco contends Air Systems was obliged to return its van to an Aamco transmission center for warranty service prior to maintaining an action for breach of warranty.

Absent a particularized limitation of the warranty Aamco provided, the fundamental

principles of warranty are applicable. Ordinarily, the term "warranty" implies an agreement to be responsible for all damages that arise from the falsity of an assurance of fact, 67 AM.Jur. 2D *Sales* § 425 (1973), or "a promise that certain facts are truly as they are represented to be and that they will remain so, subject to any specified limitations," BLACK'S LAW DICTIONARY 1423 (5th ed. 1979). Furthermore,

"[w]arranties while collateral to the principle purposes of the contract are a part of the contract. They enter into the contract of sales as an element thereof on which the minds of the contracting parties meet, and as a part of the consideration for the purchase." *McCarty v. Williams*, (1914) 58 Ind.App. 440, 445, 108 N.E. 370.

Additionally, in Indiana, courts construe a contract most strongly against the person who prepares it. *Colonial Discount Corp. v. Berkhardt*, (1982) Ind.App., 435 N.E.2d 65; *English Coal Co., Inc. v. Durcholz*, (1981) Ind.App., 422 N.E.2d 302.

■ In light of these principles, the trial court correctly construed Aamco's "full 90 day warranty" as a "promise" the parts and labor necessary to effectuate the repair would perform effectively for ninety days. Aamco's attempt to restrict the scope of the warranty is defeated by its failure to inform Air Systems prior to the initial repairs that the "opportunity to cure" was a term of its warranty.

Although our research reveals cases in which the opportunity to remedy defects was a condition precedent to the right of the complainant to declare a breach of the warranty, the opportunity to remedy defects was a part of the agreed terms of the warranty; thus, the warranty was conditional, being dependent upon something the complainant was to do. *Brown v. Russell & Co.*, (1886) 105 Ind. 46, 4 N.E. 428 (written notice of breach must be given); *J.F. Seiberling & Co. v. Rodman*, (1896) 14 Ind.App. 460, 43 N.E. 38 (purchaser must give seller notice of defects and allow seller reasonable time to remedy them). Here a condition precedent to the right of Air Systems to declare a breach of the warranty does not appear as a term agreed upon in the warranty.

Therefore, contrary to Aamco's assertion that a breach of its warranty may only occur after it is given the opportunity to fulfill that warranty and is unable to do so, here the breach occurred with Aamco's faulty initial repairs. This result accords with the construction given to the warranty terms that Aamco backs its parts and labor unconditionally.

The trial court's judgment is correct in refusing to find an "opportunity to cure" as a condition precedent to Air Systems' suit for breach of warranty.

## II. *Sufficiency of the Evidence*

■ Aamco next questions the sufficiency of the evidence supporting the trial court's judgment against it. Our standard of review in this area is well settled in that we will not reweigh the evidence or resolve questions concerning the credibility of witnesses. *Indiana and Michigan Electric Company v. Schnuck*, (1973) 260 Ind. 632, 298 N.E.2d 436. We merely review and correct errors of law and accept the facts as they are presented so long as probative evidence supports them. If there is evidence of probative value to sustain the trial court, its judgment will not be disturbed. *Art Hill Ford, Inc. v. Callender*, (1981) Ind., 423 N.E.2d 601, 602.

■ Phil Timmons (Timmons), president of Air Systems, testified he had specifically requested service from Aamco because it had advertised one day service in most cases and because Aamco had guaranteed the prompt service Timmons indicated his line of business, as a mechanical service contractor, necessitated. Timmons quoted an Aamco service representative as stating the repair to the van could be completed in "[o]ne day, two at the most." Record at 131. Although testimony by Aamco's representatives indicated the statements made to Timmons conditioned the one day service on the availability of the parts and the problem with the van, Timmons's testimony

is of sufficient probative value to find a warranty of prompt service, if not of one day service, had been given to Air Systems.

We find the present case factually similar in several regards to *Art Hill Ford, Inc. v. Callender,* (1981) Ind., 423 N.E.2d 601. In *Art Hill,* a Ford dealer took six months to repair plaintiff's truck, claiming a non-existent shortage of parts and engaging in other conduct which misled and discouraged the plaintiff. The supreme court affirmed the jury's verdict on punitive damages stating "the jury could reasonably infer that there was not only a breach of warranty of prompt service ... [but also] cogent and convincing proof ... [of] intentional wrongful acts constituting misrepresentation, fraud, gross negligence and oppressive conduct...." *Id.* at 604.

Although it is not claimed Aamco's conduct rises to a level of intentional oppressive conduct warranting punitive damages as was found in *Art Hill,* a warranty of prompt service had been created by Aamco's continuing representations to Air Systems its van would be repaired in a "day or two", Record at 136, and that the parts necessary for repair were readily available. Record at 135. Aamco's failure to complete repairs to the van in the time it represented to Air Systems constituted breach of its warranty of prompt service, entitling Air Systems to recover its actual and consequential damage suffered by it as a result of the breach.

■ Aamco further argues Air Systems should have mitigated its damages resulting from the delay by retrieving the van at some point and conducting its business while awaiting the part which occasioned much of the delay. We agree with Aamco a plaintiff has an ongoing obligation to mitigate his damages. However, a plaintiff's duty to mitigate damages does not arise "if assurances are made that performance will be forthcoming, or if other circumstances indicate that the breaching party intends to perform, ..." *Shearson Hayden Stone, Inc. v. Leach,* (7th Cir.1978) 583 F.2d 367, 371 (citing *United States v. Russell Electric Co.,* (S.D.N.Y.1965) 250

F.Supp. 2, 20). In light of Aamco's repeated assurances to Air Systems repairs on the van would be completed shortly, Air Systems acted reasonably in not retrieving the van.

■ Aamco also claims the evidence is insufficient to support the trial court's finding Aamco performed the repairs in an unworkmanlike manner. We disagree. Timmons testified Ron Lee, an employee of Air Systems, obtained the van from Aamco on January 21, 1980 and immediately encountered difficulties with a "terrible vibration" from the engine and with the first gear, and neither of these problems existed prior to the van's repairs by Aamco.

Timmons further testified to several specific defects in the labor and the parts rendered by Aamco. Instead of installing a *rebuilt* clutch assembly as promised and as charged, Aamco installed a *relined* assembly of cheap quality which was not symmetrically in balance, which was cited as the reason for the severe engine vibration. Further, Aamco failed to face off the flywheel as promised and as charged; it placed standard thread nuts on fine thread U bolts which caused the U bolts to break; it failed to replace a broken blocking ring in the transmission; all the parts in the transmission had lengthy wear marks on them except the second gear, which Air Systems had bought from Wabash Ford Truck Sales for placement in the transmission; and finally, physical damage to the van, nonexistent prior to its delivery to Aamco, was noticed on the rear door of the van and on a bracket on the exhaust system.

The trial court had ample evidence, together with the reasonable inferences which may be drawn therefrom, from which to conclude Aamco's failure in properly repairing Air Systems' van caused the vibration in the engine and the defects found in the sticking first gear.

### III. *Cross-Examination*

■ Aamco's final contention is the trial court abused its discretion by refusing to allow counsel for Aamco to cross examine

Air Systems' president regarding its profit and loss summaries for December 1979 and February 1980, and by sustaining Air Systems' objection to an in-court production of said profit and loss summaries for purposes of cross-examination.

As part of Air Systems' case in chief, its president, Timmons, testified Air Systems had sustained a financial loss during January 1980, the month its van was being repaired by Aamco. In support of this contention, the profit and loss statement for January 1980, was introduced into evidence. Timmons further testified January was the only month in which a loss was sustained, attributing that loss solely to the fact his van remained out of service for three weeks in the month of January due to repairs. Counsel for Aamco attempted to cross examine Timmons concerning the profit and loss statements, and also sought to compel an in-court production of said statements.

Pertinent parts of this colloquy follow:
"Q. Now, you brought January's profit and loss in, did you bring December's in?
A. Yes, I did.
Q. Is it here?
A. December '79?
Q. Yes.
A. Yes.
Q. And is February's here?
A. I'm, I'm sure it is.
Q. OK.
A. It was that other one, I think you...
Q. No, that was November.
A. December is here, I'm sure.
Q. OK, and is Janu—is February here?
A. I'm, I'm sure it is.
Q. OK.
"MR. ROGERS: Your Honor, I think I'm going to object to the introduction, or the use of those documents. I feel they're irrelevant to this law suit.
"MR. THRELKELD: Judge, he said that he suffered a loss. I don't know what's on them. Maybe he did suffer a huge

loss. But, I think it would be helpful in this Court to—if the Court determines...
"THE COURT: Mr. Threlkeld, the time for examining the exhibits or requesting other statements was on a Motion to Produce prior to trial.
"MR. THRELKELD: Well, Judge, he says he has them here in Court and can identify them. I think they would assist this Court.
"THE COURT: It may be, but that's trial preparation and we're in the trial now.
"MR. THRELKELD: And he says he has them here.
"THE COURT: Well, your request is denied at this time, it's not timely made.
"MR. THRELKELD: OK. Will the record reflect then, at least for whatever purpose, we are requesting the witness who says he has the profits and loss for December of '79 and February of '80 for comparisons, that they be produced here in Court like he says he has, and that they be admitted into evidence."

Record at 146–148.

In sustaining Air Systems' objection, the trial judge's ruling was directed at Aamco's request for an in-court production of the said profit and loss summaries. At that point, Aamco had not attempted to cross examine Timmons regarding these summaries. The trial judge's rationale for denying Aamco's in-court request to produce the profit and loss summaries was its untimeliness. In fact, Aamco did file a pretrial request for the production of "any and all income ledgers for plaintiff's business for September 1, 1979 to September 1980," Record at 28, pursuant to Indiana Rules of Procedure, Trial Rule 34.[1] When Air Systems failed to respond to Aamco's production request the proper procedure for Aamco was to move for an order under Indiana Rules of Procedure, Trial Rule 37(A) to compel Air Systems' compliance with the Aamco request.

---

1. Aamco's request failed to comply with the provisions of T.R. 34 in that it failed to specify a

reasonable time, place, and manner of making the inspection and performing the related acts.

Aamco, however, neglected to follow through with pretrial discovery devices by failing to move for a T.R. 37 order. Now Aamco argues it should have been allowed in-court discovery of the ledgers to the same degree it would have been afforded to it prior to trial. We disagree. One purpose served by the discovery rules is to exclude from trial lines of inquiry which could easily have been resolved in preparation for trial. To further this purpose, the proper time for the inspection of documents under T.R. 34 is prior to trial. The effectiveness of any pretrial discovery in large part depends on the initiative of the parties involved particularly because the discovery rules now allow a liberal discovery procedure and provide for minimal court involvement.

In the instant case, Aamco took initial steps toward inspecting Air Systems' profit and loss summaries with its pretrial request for production. However, Aamco neglected to carry through with the discovery process by failing to seek the court's aid under Trial Rule 37 to compel Air Systems to respond, in some manner, to Aamco's request. And although Aamco may have been entitled to a pretrial court order compelling Air Systems' response at trial, the trial judge has broad discretion with respect to the discovery he will permit during trial. *Chustak v. Northern Indiana Public Service Co.*, (1972) 259 Ind. 390, 288 N.E.2d 149; *Coster v. Coster*, (1983) Ind. App., 452 N.E.2d 397. We do not find an abuse of this discretion in the present case.

■ Trial court discovery rulings will not be reversed without a showing of prejudice by the moving party. *Coster*. In this case, Aamco could not show prejudice because it failed to take advantage of Indiana Rules of Procedure, Trial Rule 45(B).[2] T.R. 45(B) provides a party may compel another party to produce documents, papers, etc. at trial by means of a subpoena duces tecum.

Had it adopted that procedure a court order was unnecessary. This is not to say that T.R. 34 procedure is not available after the trial has commenced but only that the availability of a subpoena under T.R. 45(B) negates the availability of a prejudice argument under T.R. 34 *unless*, for some reason, T.R. 45(B) is inapplicable.

■ Furthermore, there is no merit to Aamco's argument the trial court's ruling impaired its right of cross-examination. The record reveals counsel for Aamco ceased *all* interrogation of the witness Timmons concerning Air Systems' alleged financial loss after the court's ruling denying Aamco's request for production of the summaries. For this reason, we cannot say it was the trial court which "effectively shut off defendant's [Aamco] right to inquire into those particular areas to determine the total business picture of the plaintiff [Air Systems]", Appellant's Brief at 19, when it was counsel for Aamco who voluntarily ceased questioning on this subject.

Aamco further claims error in the trial court's denial of its request made during re-cross examination for production of the December 1979[3] and February 1980 profit and loss statements.

■ During re-cross examination Aamco questioned Timmons concerning Air Systems' financial loss during December 1979 and February 1980. While claiming a profit, Timmons was unable to remember the amount. Timmons stated that the particular summaries would refresh his recollection; Aamco then requested "the witness be allowed to refresh his recollection." Record at 152. Upon objection by Air Systems, the trial court denied the request explaining the inquiry was "outside the scope of redirect examination." Record at 152. The ruling was correct. Re-cross examination is limited to the scope of redirect examination. *Walker v. State*, (1982) Ind.,

2. Trial Rule 45(B) states "[a] subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein; ..."

3. In any event, the profits and losses for December 1979 appeared on the January 1980 statement which was admitted as an exhibit. Counsel for Aamco, then, did have the opportunity to examine December's summary.

442 N.E.2d 696; *Dean v. State*, (1980) 272 Ind. 446, 398 N.E.2d 1270. Aamco's questions on re-cross examination were limited to questions relating to the transmission and clutches.

Judgment affirmed.

BUCHANAN, C.J., concurs.

SULLIVAN, J., concurs in result.